No. 712

First Circuit

---

ELLIOTT v. POLICE JURY OF EVANGE-
LINE PARISH

---

(January 26, 1931. Opinion and Decree.)

---

Williams & Blackshear, of Oakdale, at-
torneys for plaintiff, appellant.

R. Lee Garland, of Opelousas, attorney
for defendant, appellee.

ELLIOTT, J. W. D. Elliott alleges own-
ership and possession of the N. ½ of the
N. E. ¼ of section 16, T. 2, S., R. 2, West
Louisiana principal meridian, containing
82 acres more or less, situated in the par-
ish of Evangeline, La., and that the police
jury of the parish of Evangeline has un-
dertaken to go upon his land without any
right-of-way through same, and without
right to enter thereon, and open and work
a road, in violation of his rights as own-
er of the land; that the road in question
was not a public road. He brought suit
against the police jury to restrain them
from their said purpose.

The police jury, answering, claims that
the road in question is a public road, and
that the land over which it runs is in
dispute between the parishes of Evange-
line and Rapides, the locality being claimed
by one parish and then the other; that the
authors of plaintiff's title, while the land
in question was under the jurisdiction of
the parish of Rapides, donated to the par-
ish of Rapides a right-of-way over it for
a public road; that the road was then rec-
ognized as a public road, traveled by the
public, and worked and maintained as such
by the police jury of both parishes; that
said road has been kept up, maintained,
and worked by authority of the police
jury of the parish of Evangeline for more
than three years; that the defendants
therefore have the right to keep up and
maintain the road.

A supplemental petition filed by plain-
tiff attacking the constitutionality of Act
No. 220 of 1914 was not acted on in the
lower court, and, not being urged in plain-
tiff's brief, we therefore do not consider it.

The district judge, for written reasons
assigned, rendered judgment in favor of
the defendants, refusing the injunction

prayed for, and authorizing the police jury to proceed with the working of the road.

Plaintiff has appealed.

The plaintiff produces title as owner of the land in question, with possession from Alexandria Lumber Co., Limited, dated February 27, 1926, duly recorded in the parish of Evangeline, and which declares that the land is situated in the parish of Evangeline. It further states that all taxes due and exigible on the land for the years 1923, 1924, 1925 were paid, and that the purchaser assumed the taxes for 1926. We infer from the title statements that the taxes paid were paid in the parish of Evangeline, and that the property is situated in the parish of Evangeline.

The transcript contains what purports to be a copy of a petition brought by the parish of Rapides against Dave Elliott et al., with an order signed by one of the district judges of that parish, together with a citation from the Rapides court in the suit mentioned addressed to Sylvanus Elliott, but the papers do not appear to have been offered in evidence on the trial of the present suit in the parish of Evangeline.

No act of the Legislature of this state, no ordinance, resolution, or other act on the part of either the parish of Rapides or Evangeline, was produced, offered in evidence, or shown to have existed establishing the road in question as a public road, as required by law. Revised Statutes of 1870, secs. 2743 and 3369.

The section 2743 has been amended several times, but none of the amendments have relevancy to the questions at hand in the present case.

The defendants claim in their answer the benefit of an act of dedication on the part of the Alexandria Lumber Company, Limited, to the parish of Rapides for the purpose of establishing a public road over land in Rapides parish. The dedicating act does not state the particular lands over which the road was to run. It was to be located by commissioners said to have been appointed for the purpose. The report of the commissioners was said to be attached to the act, but it was not attached, and there is no showing that any road was ever laid out by any commissioners appointed for such a purpose. The act in question was never recorded in the parish of Evangeline.

Holmes Martin, witness for defendant, testifies that, pursuant to the dedication from Alexandria Lumber Company, Limited, in favor of the parish of Rapides, the parish of Rapides furnished him with dynamite to blow out the stumps, but no ordinance, resolution, or other act of the police jury supports his testimony.

Pierre Morein, witness for defendant and member of the police jury of the Fourth ward of the parish of Evangeline, testifies on the subect as follows:

"Q. Have you had occasion since you have been a member of the police jury, to work this road, or attempt to work this road?
"A. Yes, sir.
"Q. When did you first attempt to work this road?
"A. The first time I made an attempt to work the road was to open the road after they had stopped it up. That was my first attempt.
"Q. About how long ago?
"A. A year ago."

The plaintiff, W. D. Elliott, testifies as follows (note testimony, page II):

"Q. How many times did you obstruct the road so as to keep them from working it?
"A. Every time they came out there. I asked them twice; two crews came there

and I asked both of them not to work on my land."

E. E. Elliott, son of the plaintiff, testifies that the road has not been kept up or worked, except at intervals; that his father, the plaintiff, fenced it up several times, and someone would come and break the fence; that his father then had trees cut down across it, blocking it up so that it remained closed at one time for about two years. And these interruptions seem to have been kept up ever since the plaintiff acquired the land in question.

The testimony of W. D. Elliott and of E. E. Elliott is corroborated by other witnesses for plaintiff, as well as by witnesses for the defendant.

The evidence shows that the road in question has not become public as a result of any dedication, consequently it cannot have become public, unless it has become such as the result of the provisions of the Revised Statutes of 1870, sec. 3368 (amended by Act No. 220 of 1914), which provides that:

"All roads in this State that have been * * * or shall hereafter be kept up, maintained or worked for a period of three years by authority of the Police Juries in their respective parishes, are thereby declared to be public roads * * *," etc.

The district judge says in his reasons for judgment:

"There is no doubt that plaintiff's author, before selling the tract of land to him, had dedicated a public road through said land. The authorities in the Parish of Rapides went upon said land, cleared said road and worked it for several years before plaintiff acquired the entire tract. There is some question as to whether the land is in Evangeline or Rapides Parish, but in either event, when the plaintiff acquired, the road was there, and he admitted that the road was cleared and worked, to his knowledge, before he acquired it. Therefore the plea of prescrip-

tion of three years, under Act No. 220 of 1914, interposed by the defendant is good and must be maintained by the court."

We have already held that the road was not shown to exist as the result of the dedication alleged by the defendants, and, as to the conversion of the road in question into a public road by act of the police juries in keeping it up, maintaining and working it, the law requires that such must be done by the police jury of the parish in which the road is situated. In this case it was necessary for the road to have been opened, maintained, or worked by authority of the police jury of the parish of Evangeline for three years in succession, and it must have been done peaceably and without coercion exerted against the owner of the land. The evidence shows that this has not been done, and the road cannot therefore be regarded as having been established in any of the ways provided for by law.

The judgment appealed from is erroneous.

For the reasons stated, the judgment appealed from herein is annulled, avoided, and set aside, and it is now ordered, adjudged, and decreed that the road in question, in so far as concerns the land belonging to W. D. Elliott, to-wit, the N. ½ of the N. E. ¼ of section 16, T. 2 S., R. 2, West Louisiana principal meridian, containing 82 acres more or less, situated in the parish of Evangeline, is not a public road. And it is therefore ordered that the police jury of the parish of Evangeline be, and they are hereby, enjoined, prohibited, and restrained from entering upon said land for the purpose of working or maintaining said road thereon; the defendant and appellee to pay the costs in both courts.