McCALEB, Justice.
 

 This case involves the legal status of a certain street, about one block long, in the Town of Jonesboro, Louisiana. The street, known as South Tenth Street, runs across the southern edge of property owned by defendant, Daniel Hagler, and connects Polk and Conner Streets, which are formally dedicated blacktopped streets, one block apart, running parallel in a north and south direction.
 

 Plaintiff, alleging that Tenth Street is a public street by reason of the fact that it has been worked and maintained for many years by the Town of Jonesboro, seeks recognition of it as such and also prays for an injunction prohibiting defendant from obstructing and impeding its use by the general public. He contends that there has been a statutory dedication of the street by virtue of the provisions of R.S. 48:491,
 
 [1]
 
 and also that there has been
 
 *237
 
 a tacit dedication thereof as a consequence of long public use and municipal maintenance under the jurisprudential rule of estoppel in pais.
 

 The defendant admitted that he barricaded the street in 1957, thereby denying its use to the public, but asserted that he had the legal right to do so as he constructed the road on his land in 1940 for his own use and convenience; that it has never been dedicated, either expressly or impliedly, to public use and that he repeatedly told city employees, who worked the road, that they were without right to do so as it was his property. He further contended that R.S. 48:491 does not govern the case as the road has not been maintained or worked pursuant to authority of the municipal governing body and, in any event, the statute could not be applied without rendering it unconstitutional since the amendment of 1954, which extended its provisions to streets maintained by municipalities, was not in effect for a period of three years at the time of the filing of the suit. Accordingly, defendant says that to give the act a retrospective operation would divest him of his vested rights without payment of compensation in violation of Section 15 of Article 4 of the Constitution.
 

 After hearing evidence on a rule nisi for a preliminary injunction, the judge found for plaintiff, granting him the relief prayed for. Subsequently, on a trial of the merits for a permanent injunction on substantially the same evidence, the judge reversed himself and dismissed the suit. Plaintiff then appealed to the Court of Appeal, Second Circuit, where the decision of the trial judge was affirmed. See 107 So.2d 568. Upon timely application, we granted a writ of certiorari and the matter has been submitted for our decision.
 

 An examination of the record reveals that there is little dispute respecting the salient facts of the case. South Tenth Street, a dirt and gravel road, was constructed by defendant during 1940 along the southern edge of property owned by him and connects Polk and Conner Streets. Plaintiff’s property is to the south of defendant’s tract, the northern edge thereof abutting a drainage ditch paralleling the street built by defendant and, in 1946, plaintiff built his house facing this street.
 

 The evidence is unanimous to the effect that, from 1940 until shortly before the filing of this suit in 1957, the municipality has substantially maintained the street, its employees having dragged it and cleaned out the ditch three or four times a year
 
 *239
 
 and, on occasion, placed gravel on
 
 it
 

 [2]
 

 Furthermore, it was established that, from the time the street was built in 1940 until a few weeks prior to the trial of the case in June, 1957, it had been in use by the public generally and was regarded as a public street.
 

 In these circumstances, we find it unnecessary to decide whether R.S. 48 :491 may be applied retrospectively, as we think it clear that the street has been impliedly dedicated to the public use, defendant being estopped from contending that this was contrary to his intention.
 

 The doctrine of implied dedication is well recognized in this State. Ford v. City of Shreveport, 204 La. 618, 16 So.2d 127 and cases there cited. In our most recent case on the subject, B. F. Trappey’s Sons, Inc. v. City of New Iberia, 225 La. 466, 73 So.2d 423, 424, in commenting on our prior jurisprudence, it was said:
 

 “The theory of all the decisions is that if there is no formal or statutory dedication there may be a dedication by implication consisting of the assent of the owner, by his silence or otherwise, the use by the public and maintenance by the municipality.”
 

 In the instant case, it cannot be gainsaid that the street in question has been used for almost 17 years by the public and that it has been largely maintained by the municipality. But defendant proclaims that it cannot be rightly said that he has impliedly assented to the appropriation of this property to public use becausqJie has not been silent and that the record shows that he repeatedly objected to the town’s maintenance of the street. The Court of Appeal thought that defendant’s position was well taken on this score, it concluding that he could not be regarded as being negligent or inactive in view of the positive evidence that he continuously asserted his ownership of the road and his repeated objections to maintenance operations by employees of the municipality.
 

 That defendant and his brother told an employee of the town, one Jabo Moffett, on several occasions that “You ain’t got no business dragging this street” is readily conceded by Moffett in his testimony and it is also true that in 1951, when the municipality (conformably with a road building program) proposed the blacktopping of South Tenth Street, objection was voiced by defendant. But the fact remains that no direct protest was ever made to the Mayor or Council of the town concerning the public use of the street or the town’s maintenance of it for a period of almost 17 years when defendant suddenly decided to blockade public use of the thoroughfare by building a fence thereon.
 

 Unlike the Court of Appeal, we think defendant has been markedly inactive
 
 *241
 
 in asserting his position and that he cannot, in good conscience, remain more or less silent over the years and permit the general public use of the road while it was being substantially maintained by municipal •employees, equipment and funds and then proceed to retake it as his private property by closing it to public use.
 
 [3]
 
 We regard •defendant’s protests to Moffett to be inept and unsuitable so far as the municipality is concerned, and they certainly do not bespeak of the action of a reasonably prudent man in like circumstances. Incidentally, the evidence shows that defendant’s statements to Moffett were never conveyed by the latter to Mr. Dayton Carson, .Superintendent of Streets and Sanitation for the Town of Jonesboro, or to the Mayor, who says that he never received a complaint from defendant about the town’s maintenance of the road until the second Town Council meeting of 1957.
 
 [4]
 
 The circumstances of the case, public use and maintenance of the street by the municipality, required affirmative and timely action on defendant’s part. The steps taken by him in 1957, when he closed the road, could and should have been taken many years before and defendant’s complaint to a mere employee, rather than an official of the town, was wholly ineffective as notice to the town that he did not intend to have his private property dedicated to the public use.
 

 We therefore hold that South Tenth Street of the Town of Jonesboro has been tacitly dedicated by defendant as a public street and it is recognized and confirmed as such.
 

 For the foregoing reasons the judgment of the district court, which was affirmed by the Court of Appeal, is reversed and it is now ordered that defendant be restrained, enjoined and prohibited from constructing or maintaining any fences or barriers across South Tenth Street in the Town of Jonesboro and from interfering with the free use of said street by the public. All costs are to be paid by defendant.
 

 Rehearing denied;
 

 HAWTHORNE, J., dissenting.
 

 [1]
 

 . This statute, as amended by Act 639 of 1954, provides in part that:
 

 “All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature * * * or which have been or are hereafter kept up, maintained or worked for a period of three years by authority
 
 *237
 
 of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. * * * ”
 

 [2]
 

 . However, it is shown by defendant’s testimony that he spread some crushed rock and gravel on the street in 1941, 1942, 1947 and 1948 and he says he paid one Machen to grade it in 1949.
 

 [3]
 

 . Comparo Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497.
 

 [4]
 

 . Defendant testified that he did telephone a Mrs. Jeffries, who worked for the city, protesting against the town working on the road and Mrs. Jeffries admits she received a telephone call from him about the time of the blacktopping program but did not remember the substance of the conversation. However, she did recall that she referred defendant to the Street Department. It is apparent, in view of Mr. Carson’s testimony, that defendant did not follow Mrs. Jeffries’ suggestion.