HALL, Judge.
Plaintiffs filed suit seeking to enjoin defendants from erecting a fence across what plaintiffs contend is a public road. The case was tried on the merits by agreement of counsel, and resulted in a judgment permanently enjoining defendants “ * * * from erecting a fence across the road known as ‘Danziger Road’ at any place on the said road, and particularly between the waters edge of Bayou Rigaud to the rear line of the properties designated as Industrial Camp Sites, or doing any other act or erecting any fence that will cause or allow to be impaired plaintiffs’ right of ingress and egress to their property, to the public road known as ‘Danziger Road’, or Bayou Rigaud, or Bayou Rigaud from ‘Danziger Road’ backward along said road.” Defendants prosecute this devolutive appeal from that judgment.
*810 Plaintiffs allege that they are the owners of a certain piece of property at Grand Isle which said property fronts on Bayou Rigaud and is bounded on its west side by a public road known as Danziger Road, and that defendants are the owners of the property on the opposite side of the road which property also fronts on Bayou Rigaud. Plaintiffs contend that Danziger Road which separates the two properties extends all the way to the water’s edge of Bayou Rigaud and that a fence which defendants propose to erect across Danziger Road between the two properties at a point about thirty-nine feet from the water’s edge of Bayou Rigaud would deprive plaintiffs of ingress and egress to said road.
On the other hand defendants contend that although there is a public road known as Danziger Road which runs between the rear portions of the two properties the road never did and does not now extend to the water’s edge but ends approximately seventy-five feet short thereof. Defendants claim title to the seventy-five foot strip which lies between Bayou Rigaud and what they contend is the end of the road and contend that the fense which they propose to erect approximately thirty-nine feet from the water’s edge is beyond the end of the road, is on their own property, and will in no manner adversely affect any rights of the plaintiffs.
The issue is one of fact, to wit: whether Danziger Road extends all the way to Bayou Rigaud.
Plaintiffs contend that the seventy-five foot strip, the ownership of which is claimed by defendants under a deed without warranty, is a part of the public road known as Danziger Road, which extends all the way to Bayou Rigaud having been expressly dedicated as such by West Grand Isle Inc. the common ancestor in title of both plaintiffs and defendants. Plaintiffs contend in the alternative that the road all the way to the water’s edge has been tacitly dedicated or has become a public road under the provisions of LSA-R.S. 48:491 having been maintained all the way to Bayou Rigaud by the State Highway Department or the Parish of Jefferson for more than three years.
Defendants contend that there has been no express dedication of the road; that there has been no public use of the strip extending seventy-five feet inland from the bayou; and that the maintenance of the road by the State Highway Commission or the Parish of Jefferson did not extend any further than the end of the present black top which stops seventy-five feet short of the water’s edge of Bayou Rigaud. Defendants contend in the alternative that whatever servitude of passage may have existed over the strip claimed by them has been extinguished by non user for ten years.
The record shows that both plaintiffs and defendants derive title by mesne conveyances from West Grand Isle Inc., a corporation whose president was the late Alfred D. Danziger. The record further shows that the immediate authors in title of both plaintiffs and defendants purchased their respective properties with reference to a survey of J. W. T. Stephens dated January 9, 1932 which shows Danziger Road as extending all the way to Bayou Rigaud. The property now claimed by plaintiffs is described as fronting on Bayou Rigaud and as having Danziger Road for its western boundary and the property now claimed by defendants is described as fronting on Bayou Rigaud and being bounded on its east side by Danziger Road. However in addition thereto defendants’ immediate author in title acquired (but without warranty) "* * * Vendor’s rights, title and interest in and to that portion of ground and riparian rights, east of the center line of said wharf, known as Danziger Wharf, and running to lot ‘C’ on said plan, subject to whatever rights of way for passage, which may now exist,” the same being the seventy-five foot strip claimed herein by defendants.
The record further shows that on February 10, 1932 a copy of the Stephens survey *811 containing a formal dedication of the road shown thereon, having previously been approved by the Parish Engineer, was approved by the Police Jury of Jefferson Parish.
However since the Stephens plan containing the dedication was not recorded in the conveyance office as required by LSA-R.S. 33:5051 there has been no formal statutory dedication of the road.
On the question of tacit dedication and maintenance by the public authorities the Trial Court found the following facts:
In 1933 there was no road to the water’s edge. In that year the Louisiana Highway Department placed a shell pile slightly to the west of the point where plaintiffs contend the road meets Bayou Rigaud and placed shells from the edge of the bayou back to the Gulf thereby physically establishing a road and that for a period in excess of three years, from 1934 to 1941, the road was maintained by the State to the edge of Bayou Rigaud. A portion of the road was later black topped by the Highway Department but for some reason, not revealed, the black topped portion stops a short distance from the bayou. Since 1961 the road from the end of the black top to the water’s edge has not been maintained by the State.
The Trial Judge further found that there have been other recorded sales made under the Stephens’ and other plans delineating Danziger Road as extending to the edge of Bayou Rigaud.
On the question of public use of the road the Trial Judge found that the road was used by the public to the water’s edge as far back as 1933 and that each year to the present date the road has been used to the water’s edge yearly by the public during the Grand Isle Tarpon Rodeo and has been kept open for emergency use. The Trial Judge said in his written “Reasons for Judgment”: “The Court is satisfied from the evidence that the portion of road in dispute was used as a means of entrance to the Milliet store, was used for access to a charter boat operated by the witness, Blanchard, and has been used at least once each year during the Grand Isle Tarpon Rodeo.”
The record substantiates the Trial Court’s findings of fact.
Under the facts as found by the Trial Judge there has been an implied or tacit dedication of Danziger Road to the edge of Bayou Rigaud. See B. F. Trappey’s Sons Inc. v. City of New Iberia, 225 La. 466, 73 So.2d 423; Wyatt v. Hagler, 238 La. 234, 114 So.2d 876.
The record also shows that there has been maintenance of the road all the way to the bayou’s edge by State and/or Parish authorities for more than three years, thereby constituting it a public road under the provisions of LSA-R.S. 48:491 which reads in part as follows:
“All roads or streets * * * which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by any municipal governing authority in its municipality shall be public roads or streets as the case may be * * * ” See Miguez v. Gautreaux, La.App., 40 So.2d 679; Fontenot v. Veillon, La.App., 72 So.2d 587; Le Boeuf v. Roux, La.App., 125 So.2d 444.
It may be appropriate to remark that the servitude of passage resulting from the tacit dedication of the road and maintenance by the public authorities is one in favor of the public in general and not in favor of a particular estate.
Defendants’ alternative contention that any servitude of passage over the strip claimed by them has been extinguished by the prescription of ten years under the provisions of LSA-C.C. Art. 789 is negatived by the fact that the road is now used by the public to the edge of the bayou at leasf each year during the Tarpon Rodeo. Undei LSA-C.C. Art. 790 prescription for non- *812 usage of discontinuous servitudes does not begin to run until “the day they cease to be used.”
Defendants contend that the fence proposed to be erected by them will not interfere with plaintiffs’ access to the black topped portion of Danziger Road since plaintiffs present gate opens on to the black topped portion and the proposed fence will be built between the end of the black top and the bayou’s edge. We are of the opinion however that plaintiffs have a right to use not only the black topped portion of the road but to use the road all the way to the bayou, and the proposed fence would prevent the exercise of this right.
For the foregoing reasons the judgment appealed from is affirmed, costs of both Courts to be borne by defendants-appellants.
Affirmed.