205 So.2d 897 (1967)
TOWN OF EUNICE, Plaintiff-Appellee,
v.
Wanda CHILDS et al., Defendants-Appellants.
No. 2156.
Court of Appeal of Louisiana, Third Circuit.
December 29, 1967.
Rehearing Denied January 29, 1968.
Dissenting Opinion January 31, 1968.
Writ Refused March 8, 1968.
*898 Guillory, Guillory & Guillory, by Isom J. Guillory, Jr., Eunice, for defendants-appellants.
Jacque Pucheu and Wesley Clanton, Eunice, for plaintiff-appellee.
Before FRUGÉ, SAVOY and HOOD, JJ.
FRUGÉ, Judge.
This action was initiated in 1961 by the Town of Eunice to have it declared that a certain passageway, commonly referred to as "Childs' Alley", is a public throughway in the City of Eunice and to order the removal of obstructions to that alley placed by the defendants. The plaintiff's contention is that this passageway has become a public one by virtue of either "implied" or "tacit" dedication on the part of the landowner. The defendants are Wanda Childs, who is sole owner of the property in question through inheritance from her father, Dr. Alexander Childs, and Mrs. Ora C. Childs, who is the widow of Dr. Childs. Wanda Childs presently resides in Colorado and Mrs. Childs manages her property in Eunice, including that portion now in question.
Childs' Alley was opened over forty-five years ago by the action of Dr. Childs in order that he might provide a more convenient passageway to facilitate the driving of his horse and buggy into the barn he had behind his house. Years later, the passageway was extended to a point where it makes somewhat of a dog-leg joining with another alley which completes the passageway through the entire block and runs into the next street. The purpose for extending the alley at that point was primarily for the benefit and convenience of tenants of the Childs' who resided back there.
The record discloses that the tenants made use of the alley for many years and that members of the general public occasionally used the alley when it was convenient for them, until it was fenced off by Mrs. Childs in 1960. Although the alley was but slightly improved, it was nonetheless passable for pedestrian and for vehicular traffic most of the time. It has always been basically a dirt passageway with some gravel, which was put in from time to time to fill up bad holes therein. The use made of it by the neighborhood residents and by others was not enough to keep the alley free from grass.
There is ample testimony in the record showing that the City employees of Eunice periodically maintained the passageway and worked thereon from as early as the 1930's. This maintenance consisted of the occasional cleaning of the shallow ditches on the sides of the passageway and the occasional filling in of certain bad spots or holes with gravel. Mrs. Childs' testimony, plus that of a number of neighborhood residents, was that she had no knowledge that the City had done any work on the alley or had performed any acts of maintenance, with the exception of one particular time when she discovered that the City had dumped gravel on one end of the alley in 1956. On that occasion she phoned Mr. Clanton, the city attorney, and objected to that activity on the part of the City and apparently was assured by him that the City would do no more in the future. In pursuing the matter further, she followed that conversation with a letter of protest which she mailed to Mr. Clanton clearly setting forth her claim that that property was private property belonging to her and that she had no intention of dedicating it to the City and would not tolerate the City performing any other acts of maintenance upon that alley. Despite this action, there *899 is evidence that the City continued to perform some work on the alley periodically after 1956, without Mrs. Childs' knowledge.
There are a number of ways in which the public may acquire for its use a private road or street. See generally Comment, Establishment and Termination of Public Rights in Roads and Streets in Louisiana, 16 La.L.Rev. 521 (1956). In the instant case, two methods have possible application. One is the theory of implied dedication, and the other is the law relative to tacit dedication. The principle of implied dedication is a very old one in Louisiana and has no statutory foundation. The essence of that principle is that the landowner, through his words or conduct, has assented to the public use of the passageway. This dedication has been analogized as a "contract" with the public whereby the landowner offers the passageway and the public accepts the offer by using it. It is essential to the application of implied dedication that the landowner intend to make the passageway a public thoroughfare.
Although the essential requirements that the landowner intend to dedicate the passageway in question can be evidenced even from his silence and inaction (see Wyatt v. Hagler, 238 La. 234, 114 So.2d 876 (1959)), in the instant case, the evidence is insufficient to show either a definite offer or acceptance. See Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497 (1926); Brasseaux v. Ducote, 6 So.2d 769 (La.App. 1st Cir. 1942). In the first place, this passageway was not opened with the intent to serve any of the public. The alley was kept open and periodically maintained by Mrs. Childs for the purpose of providing a convenient egress and ingress for her tenants, who resided right near the passageway. The evidence discloses that occasional passersby walked down the alley but very rarely does any automobile or other vehicle pass through it. The primary use made of the alley is that by the Childs' tenants and their friends. The absence of intent to make Childs' Alley a public thoroughfare is also evidenced by the letter Mrs. Childs sent to Mr. Clanton, protesting the action of the City in laying gravel on part of the alley in 1956. And finally, in 1960, the actual closing of the passageway by erecting a fence across it is inconsistent with even condoning public use of that passage, much less a design to dedicate it to public use. The working and maintaining of the alley by city employees was apparently of such a slight and insignificant nature throughout the years[1] that Mrs. Childs, who resided right next to the alley, had no knowledge of ever seeing the city employees performing any work thereon. Likewise, several other witnesses who lived near the alley testified that they never recalled seeing any city employees working and improving that alley. We can find nothing to "estop" Mrs. Childs from asserting ownership of that property in these proceedings.
As to the acceptance of the supposed dedication on part of the public, the evidence discloses that only rarely did passersby and members of the general public make any use of that alley. Although the alley was passable, even for vehicles, it was generally in poor condition and at times even impassable. The existence of public streets on every side of the block in question, resulted in little occasion for any of the public to make use of this alley.
For these reasons we do not feel that Mrs. Childs could be deemed to have impliedly dedicated Childs' Alley for public use. Compare Wyatt v. Hagler, supra.
The law relative to "tacit dedication" emanates from R.S.1870, § 3368, which first applied only to action taken by police jury. In 1954, that act was amended to extend coverage also to action taken by municipalities. A pertinent part of that *900 act which is now R.S. 48:491, reads as follows:
"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be."
There is no doubt but that the City of Eunice authorized and performed some work on Childs' Alley periodically from 1930 until 1960. The defendant appellant claims that the statute cannot apply here because this suit concerns an alley and the wording of the statute makes it applicable only to "roads or streets". For some purposes, there is a legal distinction between "alleys" and "streets". See Words and Phrases, "Streets" and also under "Alleys". Added force is given to this argument by virtue of Title 33 of the Louisiana Revised Statutes wherein whenever the legislature intended certain sections thereof to apply to alleys as well as streets, it specifically provided coverage to "streets and alleys". Thus, in the case of the instant statute in question, it might be reasoned that the legislature intended to omit alleys from its scope of R.S. 48:491. But through our disposition of the case, it becomes unnecessary to decide this issue or another issue as to whether or not the City of Eunice worked on this alley to such a substantial degree under the rule announced in Bordelon v. Heard, 33 So.2d 88, La.App. 1st Cir. (1947), as to render its activity sufficient for purposes of § 491.
To hold, as the plaintiff contends, that there was in this case a tacit dedication of the alley to the City by virtue of the City's working that alley for a period of three continuous years, we must either decide that Mrs. Childs' protest in 1956 was ineffective or that the statute may apply retroactively. For our purposes, the effective date of this amendment was 1954. In 1954, Mrs. Childs protested both over the telephone and by letter to Mr. Clanton, the City Attorney, as to the action of the City in placing gravel on the alley. It is our opinion that this timely action on the part of Mrs. Childs (less than three years after the amendment of § 491) precluded the City of Eunice from being able to avail itself of the provisions of Section 491 if that statute cannot be applied retroactively; for any working that the City might have done after that date could not be deemed to be peaceful or lawful. See Elliott v. Police Jury of Evangeline Parish, 15 La.App. 542, 132 So. 368 (1st Cir. 1931).
The statute specifically provides that it shall apply to any roads or streets "which have been or are hereafter kept up, maintained or worked for a period of three years" by the municipal governing authority. Thus, apparently, the Legislature intended for this statute to apply to actions on part of the police jurors and municipalities which were undertaken before the effective date of the statute. To our knowledge the only case in which this issue was presented was the case of Wyatt v. Hagler, supra. In that case, however, our Supreme Court avoided the issue by finding that the landowner had impliedly dedicated the passage in question. So to our knowledge, the determination of the question of retroactivity of this statute is a res novo issue in Louisiana.
Although the Legislature has power to make laws effective retrospectively, this power is limited by the State Constitution and the federal constitution. More specifically, no legislative enactment pertaining to substantive law may divest one of his vested rights or interfere with the obligations of contract. Nor can such amount to a taking of property without due process of law.
The rationale behind the dedication of streets and roads for public use is *901 that dedication is a type of giving and therefore is not a taking on part of the state governing agency. For this reason, no compensation is due the landowner; nor is there any violation of the due process clause of our State or federal constitutions. But were we to give retrospective effect to the statute in the instant case, we would in effect be taking the property of Mrs. Childs. Before 1954, Mrs. Childs could not have had any actual or constructive notice of the fact that she might lose or "give" her property to the City by the mere sufferance of it to work that alley periodically (even without her knowledge) for a period of three continuous years. Thus, she knew of no way by which she could have protected her property interest before 1954. If the statute could be applied retrospectively, it would provide in effect that Mrs. Childs "gave" the public a servitude in 1954 because of her failure to prevent the City from working her alley between 1930 and 1954 even though she never consented to and never had actual knowledge of such working and had no reason, prior to 1954, to believe that she might forfeit a part of her ownership through her failure to have taken affirmative action to protect her rights before 1954. For this reason, we do not believe this statute can be given retroactive effect.
Plaintiff-appellee contends that the protest made by Mrs. Childs in 1956 is a matter constituting an affirmative defense under C.C.P. Art. 1005, and as such, needed to have been specifically pleadedwhich it was notin order that the court could give attention to it. Although this argument has some merit, we are of the opinion that as part of the plaintiff's cause of action under Section 491, it was incumbent upon it not only to show that substantial maintenance was made on part of the City of Eunice but also that this maintenance was peaceful and non-coercive maintenance. See Elliott v. Police Jury of Evangeline Parish, supra. In other words, we do not feel that a parish or municipal authority may work a passageway over a period of time in the face of legal and sufficient protest and then claim a servitude on that passage by virtue of its illegal action.
The appellant has strongly urged that R.S. 48:491 is unconstitutional as violative of the due process clauses of Art. 1, Section 2, of the Louisiana Constitution and Amendment 14 of the United States Constitution. Counsel's contention is that any statute passed pertaining to a dedication of property must recognize that dedication can only be effected through the intention of the landowner. Without such intention, there is no dedication but rather a taking by the governing anthority. But in view of our disposition of the case, this question also needs not be answered.
For the foregoing reasons, the judgment of the trial court is reversed and it is hereby ordered, adjudged and decreed that the passageway involved in this suit generally referred to as "Childs' Alley" is a private alley. The plaintiff-appellee municipality is taxed with all costs except those from which exempted by R.S. 13:4521.
Reversed and rendered.
HOOD, Judge (concurring).
I concur in the judgment which is being rendered in this case.
This decision is of special significance, because I think it tacitly overrules the case of Le Boeuf v. Roux, 125 So.2d 444, which this court decided in 1961. I feel that the majority erred in the Le Boeuf case, and the judgment which is being rendered here will tend to correct that error and stabilize our jurisprudence relating to the implied or tacit dedication of public roads or streets.

On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY, J., dissents for the reasons assigned by Culpepper, J.
*902 CULPEPPER, Judge (dissenting from the denial of plaintiff's application for rehearing).
I respectfully dissent from the denial of the application for rehearing made by the plaintiff, Town of Eunice. The majority decision in the present case is in direct conflict with our holding in LeBoeuf v. Roux, 125 So.2d 444 (La.App., 3rd Cir. 1960, writ of certiorari denied.) The facts of the LeBoeuf case were that the parish maintained a strip of land as a public road for a period of over three years prior to the adoption of Act 639 of 1954, amending LSA-R.S. 48:491 (quoted in the majority opinion). The defendant, Mrs. Roux, merely acquiesced in such maintenance until she erected a fence across this part of the road in 1956. We held as follows:
"Irrespective of whether the landowner specifically requested or intended to dedicate as a public road that portion of her property included in the public roadway and maintained by public funds for far in excess of three years, we think that the police jury's maintenance thereof for such a period without objection from the landowner results under the statute in the dedication of this travelway as a public road. Porter v. Huckabay, 221 La. 120, 58 So.2d 731; Curtis v. Goebel, La. App. 1 Cir., 101 So.2d 462; Elum v. Kling, La.App. 1 Cir., 98 So.2d 700, certiorari denied; White v. Kinchen, La. App. 1 Cir., 94 So.2d 497. See also Wyatt v. Hagler, 238 La. 234, 114 So.2d 876. Referring to the statutory provision now found at LSA-R.S. 48:491, our Supreme Court stated in Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591, 596, that it must be presumed that a landowner intends to dedicate his property for use as a public road when he `permits without protest the use of the road by the public and stands idly by while the police jury is maintaining the road as a public road at public expense * * *.' The Court pointed out that the status as a public road by reason of public maintenance results from a `tacit dedication', i. e., `one which arises from silence, in activityone arising without express contract or agreement', 18 So.2d 596."
The majority opinion does not attempt to distinguish the LeBoeuf case on its facts. It cannot, for the essential facts are exactly the same. Here, as in LeBoeuf v. Roux, the street had been maintained for much more than three years before the adoption of the statute in question in 1954; the landowner may have had no intent to dedicate the street for public use, but she remained silent and inactive and did not protest the maintenance of the street until a year or two after 1954. The majority holds that such "tacit dedication" preceding 1954 cannot be given legal effect because to do so would give the statute retroactive effect and amount to an unconstitutional taking of property without due process. This holding is absolutely contrary to our well reasoned decision in LeBoeuf v. Roux, in which writs of certiorari were denied by the Supreme Court.
Our brothers of the Fourth Circuit Court of Appeal recently followed LeBoeuf v. Roux, citing it with approval, in Harris v. Adams, 203 So.2d 809 (4th Cir. 1967).
For the reasons assigned, I respectfully dissent from the denial of the application for rehearing.
NOTES
[1] Compare Porter v. Huckabay, 221 La. 120, 58 So.2d 731 (1952).