322 So.2d 281 (1975)
Prentis JACKSON and William Guilliott (Gills)
v.
TOWN OF LOGANSPORT.
No. 12714.
Court of Appeal of Louisiana, Second Circuit.
November 6, 1975.
*282 W. Charles Brown, Mansfield, for defendant-appellant.
Gamble & Sledge by Jack R. Gamble, Jr., Claude R. Sledge, Mansfield, for plaintiffs-appellees.
Before PRICE, DENNIS and MARVIN, JJ.
MARVIN, Judge.
The Town appeals from a preliminary injunction granted plaintiffs which prohibits the Town from constructing a street across plaintiffs' property. The construction was ordered by the Town in October, 1974. The work began shortly thereafter, but stopped when plaintiffs barricaded their property after dirt was placed thereon in April, 1975, followed by plaintiffs bringing the action for an injunction. The Town contends that (1) it acquired a public servitude under the law, including, but not limited to L.R.S. 48:491, and (2) the trial court erred in not requiring security for the preliminary injunction. We affirm.
The methods by which a servitude for a public street may be established are the express acquisition by conventional means; expropriation by the public body; the legal servitude imposed on riparian landowners by La.C.C. Art. 665; the ten-year possession and use of a road by the public after a police jury has declared the road to be a public highway under La.C.C. Art. 765, and the principle or doctrine which has come to be known as informal dedication.
The riparian servitude provision is obviously inapplicable here. The Article 765 servitude is also inapplicable because this article has been held not to apply within corporate limits of municipalities. See Bomar v. City of Baton Rouge, 162 La. 342, 110 So. 497 (1926). The record is also void of any declaration by the police jury. There is also no contention made of any formal dedication or disposition by the landowners to establish a public street. If the Town has the right to construct a street across plaintiffs' property, it must be founded upon the doctrine of informal dedication.
*283 The jurisprudence divides informal dedication into two categories: implied dedication and tacit dedication. Implied dedication, non-statutory in nature, requires both the landowner's intent to create a public throughfare and the public's acceptance of the landowner's offer. Town of Eunice v. Childs, 205 So.2d 897 (La.App.3d Cir. 1968) writ refused 251 La. 937, 207 So.2d 540 (1968). Such intention to dedicate may be manifested by the actions of the landowner; Wyatt v. Hagler, 238 La. 234, 114 So.2d 876 (1959); while the acceptance by the public may be evidenced by public use. See 2 Yiannopoulos, Louisiana Civil Law Treatise, § 35, page 109.
Tacit dedication, on the other hand, is founded upon statute and its existence is determined by the application of L.R.S. 48:491, which reads in part as follows:
"All roads . . . which have been or are hereafter kept up, maintained or worked for a period of three years by authority . . . of any municipal governing authority in its municipality shall be public roads or streets . . ."
The "street" in question, allegedly connected two existing thoroughfares about one block apart. The record is replete with circumstances indicating plaintiffs' desire not to create a public street on their lands. Approximately fifteen years ago, Prentis Jackson erected two fence posts to stop vehicles from entering or crossing his property. When plaintiffs became aware of the road construction in question, they complained to municipal authorities and erected barricades across their property. There was no implied dedication on the part of plaintiffs, Jackson and Guilliott.
The Town contends that a tacit dedication of a servitude by the Town's having "kept up, maintained or worked for a period of three years" the "street" in question. According to the Town's witnesses, prior to the enjoined road construction, the area in question was considered to be a "grass" street. Parts of the alleged street away from plaintiffs' property were mowed by town employees once a year, although no grass was ever cut on plaintiffs' property. There is also testimony by a member of the town's maintenance crew, that two or three loads of dirt had been dumped upon the alleged street during a thirteen year period before the litigation arose, but not necessarily on plaintiffs' property.
The jurisprudence construing R.S. 48:491 has consistently held that an occasional "brushing up" or token maintenance of private property does not establish a tacit dedication. Bordelon v. Heard, 33 So.2d 88 (La.App. 1st Cir. 1947); Porter v. Huckabay, 50 So.2d 684 (La.App.2d Cir. 1951); Chargois v. St. Julien, 280 So.2d 847 (La.App.3d Cir. 1973).
The legislature, in enacting R.S. 48:491, and the cases interpreting the statute, contemplate more than an annual clipping of grass, accompanied every fourth year by the random deposit of a load of dirt, to establish a tacit dedication in favor of the public. Even if the Town's evidence is taken as true, this is at best token maintenance, under which no servitude is acquired.
The Town further contends the trial court erred in not requiring security for the issuance of the preliminary injunction. Plaintiffs successfully sought a temporary restraining order, posting bond as required by La.C.C.P. Art. 3610. We agree with the trial court's granting of the injunction, subject however to the requirement of this Article that security be furnished. We remand with directions that security be furnished within a delay and in an amount to be determined by the lower court.
Remanded with directions at appellant's cost.