345 So.2d 1195 (1977)
Griffin E. VAUGHN, Plaintiff-Appellee,
v.
Mrs. Carrie DeMoss Williams, wife of/and Hayden WILLIAMS, Defendants-Appellants.
No. 13224.
Court of Appeal of Louisiana, Second Circuit.
April 25, 1977.
Rehearing Denied May 23, 1977.
*1196 Pugh & Nelson by Robert G. Pugh, Shreveport, for defendants-appellants.
Gahagan & Gahagan by Russell E. Gahagan, Natchitoches, for plaintiff-appellee.
Before BOLIN, HALL and MARVIN, JJ.
HALL, Judge.

Statement of the Case
Plaintiff, Griffin E. Vaughn, sued to enjoin defendant, Carrie DeMoss Williams, and her husband from blocking an alleged public gravel road by placing a gate across the road. The road connects property which plaintiff leases and on which he resides with a blacktopped parish road. Defendants answered alleging the road is a private road. Defendants also filed an exception pleading the unconstitutionality of LSA-R.S. 48:491. After trial, the district court held the road to be public based on a 1934 dedication, work done on the road by the Police Jury from 1969 to 1975, and public use of the road. From a judgment declaring the road to be public, enjoining defendants from interfering with use of the road, and overruling the exception of unconstitutionality, defendants appeal. We affirm.

Specification of Errors
Defendants specify the district court erred:
(1) In finding that an authentic act of dedication in 1934 by the then owners of the property was intended to dedicate that portion of the road traversing the land owned by defendant.
(2) In holding that sufficient work had been done by the Police Jury for the road to become public under R.S. 48:491.
(3) In dismissing appellants' exception challenging the constitutionality of 48:491 on the grounds that defendant's property is being taken without due process of law and without just and adequate compensation.

Findings of Fact
(1) The following is a schematic drawing of the property and road in question:
*1197 
(2) Plaintiff leased property in Section 33 from Walter DeMoss in 1969, for agricultural purposes and has resided on Paps Hill since 1973.
(3) The road in dispute runs from Paps Hill across property owned by DeMoss, Joan Yarbrough Gresham, Reimer Calhoun and defendant, Mrs. Carrie D. Williams, to Parish Road 608. The gate erected by defendant is at the intersection of the gravel road with Parish Road 608.
(4) There has been a road running easterly from Paps Hill across the S/2 of Sections 33 and 34 since at least 1917.
(5) This road was formally dedicated as a public road by instrument dated in 1934, executed by John C. Yarbrough and Mrs. Jimmie DeMoss King, mother and ancestor in title of Walter DeMoss and Carrie DeMoss Williams.
(6) The dedication described the eastern end of the road as running easterly across the DeMoss property to the Grand Bayou Road, which ran north-south along the east section lines of Sections 33 and 34, and which no longer exists.
(7) The extension of the road which runs southerly through the Carrie DeMoss Williams property in Section 3 to Parish Road No. 608 was built in 1937 along the course of an old wagon road, and has been in use since that time.
(8) The road from Paps Hill to Parish Road No. 608 has been maintained and kept up by the Red River Parish Police Jury to some extent, at least since 1969.
(9) The Police Jury has worked the road from one to three times a year since 1969. It has occasionally graded the road and occasionally placed gravel on the road. It ditched the road in 1975. At the time of trial, the road was well ditched and there was substantial gravel in the roadbed.
(10) Plaintiff and defendant have both done maintenance work on the road. Plaintiff has worked it about three times a year. Defendant has worked and put gravel on the part of the road between her home and Road 608.
(11) The road was open to and used by the public until the gate at the intersection of the road with Parish Road 608 was put up by defendant in late 1975.
*1198 (12) Defendant protested use of the road by the public at a Police Jury meeting in 1967. However, she thereafter made no further protests until erection of the gate. She saw the Police Jury grader working on the road on several occasions, knew the Jury placed gravel on the road, and expressly consented to some work done in 1969 and the ditching in 1975. She was aware of the road's use by the public.

Specification of Error No. 1Formal Dedication
The 1934 act of dedication described the road as beginning at the west extreme of the DeMoss property in Section 33, running west and east through that property, continuing easterly through the Yarbrough property, and further continuing easterly through the DeMoss property to intersect the Grand Bayou Public Road. The part of road in dispute runs virtually due south through defendant's property and connects with Parish Road 608 rather than the Grand Bayou Road, which no longer exists.
It must be concluded that the act of dedication did not cover or include the southerly extension of the public road, which was built a few years later and apparently took the place of the easterly extension which led to the later abandoned Grand Bayou Road. The southerly extension in dispute is not a public road by virtue of the 1934 act of dedication.

Specification of Error No. 2Informal Dedication
The jurisprudence divides informal dedication into two categories: implied dedication and tacit dedication.[1] Implied dedication, nonstatutory in nature, requires both the landowner's intent to create a public road and the public's acceptance of the landowner's offer. Such intention to dedicate may be manifested by the actions of the landowner, while the acceptance by the public may be evidenced by public use. Tacit dedication is founded upon statute and its existence is determined by application of LSA-R.S. 48:491, which provides in pertinent part:
"All roads . . . which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish . . . shall be public roads . . ."
An occasional "brushing up" or token maintenance of a private road does not establish a tacit dedication. Jackson v. Town of Logansport, 322 So.2d 281 (La.App.2d Cir. 1975), and authorities cited therein.
In Boynton v. Bertrand, 309 So.2d 769 (La.App.3d Cir. 1975), it was held that regular grading approximately three times a year and occasional cleaning of ditches by the Police Jury was more than token maintenance and was sufficient to constitute a tacit dedication under the statute, even though the property owners also participated in maintenance. In Latour v. Dupuis, 164 So.2d 620 (La.App.3d Cir. 1964), a tacit dedication was found where the Police Jury graded the road two or three times a year, put gravel on the road on one occasion, and trimmed trees in the ditches alongside the road. See also Foshee v. Longino, 236 So.2d 870 (La.App.3d Cir. 1970); Mouton v. Bourque, 253 So.2d 689 (La.App.3d Cir. 1971); and Police Jury, Parish of Catahoula v. Briggs, 291 So.2d 472 (La.App.3d Cir. 1974).
Tacit dedication does not result where active opposition is directly communicated by the landowner to the governing body. Town of Eunice v. Childs, 205 So.2d 897 (La.App.3d Cir. 1967), writ refused 251 La. 937, 207 So.2d 540 (1968). However, protests not made directly to the governing body or made after the road has been maintained by the governing body for three years do not prevent a tacit dedication under the statute. Wyatt v. Hagler, 238 La. 234, 114 So.2d 876 (1959); Winn Parish Police *1199 Jury v. Austin, 216 So.2d 166 (La. App.2d Cir. 1968).
The work done by the Police Jury in the instant case amounted to more than token maintenance. At least since 1969, and particularly since 1973, the Police Jury has worked on the road several times each year, grading, ditching and adding gravel. It is significant that the southerly part of the road crossing defendant's property in Section 3 is a continuation of or extension of a dedicated public road, and that the road has been used by the public for many years. Although defendant asserted the private nature of the road at a Police Jury meeting in 1967, she thereafter consented to work done by the Jury in 1969 and 1975, and allowed other maintenance to be done without protest.
Our conclusion is that the trial court was correct in finding the road to be a public road by reason of maintenance by the Police Jury for more than three years. There was a tacit dedication under LSA-R.S. 48:491.

Specification of Error No. 3Constitutionality
Appellants contend LSA-R.S. 48:491 is unconstitutional in that it violates Article 1, Sections 2 and 4 of the Louisiana Constitution of 1974, which provides in part:
"Section 2. No person shall be deprived of life, liberty, or property, except by due process of law."
"Section 4. Every person has the right to acquire, own, control, use, enjoy, protect, and dispose of private property. This right is subject to reasonable statutory restrictions and the reasonable exercise of the police power.
"Property shall not be taken or damaged by the state or its political subdivisions except for public purposes and with just compensation paid to the owner or into court for his benefit. * * *"
The statute, interpreted as applying only where the landowner has knowledge of and acquiesces in maintenance of a road by the public authority, and as not applying where the landowner opposes and protests such maintenance, does not offend the constitutional provisions. Knowledge, acquiescence, and usually acceptance of the benefits of public maintenance for a period of time under the statute amounts to a tacit dedication by the landownera giving by the landowner rather than a taking by the public authority. The landowner impliedly or tacitly gives his consent to the establishment of a public road. The statute establishing the public character of a road after maintenance by the governing authority for a period of three years, as interpreted, does not amount to a taking of private property without due process of law or without payment of just and adequate compensation.
The constitutionality of the statute is also supported by Article VI, Section 24 of the Louisiana Constitution of 1974 which provides:
"Section 24. The public, represented by local governmental subdivisions, may acquire servitudes of way by prescription in the manner prescribed by law."
The acquisition of a servitude by the public under LSA-R.S. 48:491 is closely akin to prescription. Compare Frierson v. Police Jury of Caddo Parish, 160 La. 957, 107 So. 709 (1926); Goree v. Midstates Oil Corporation, 205 La. 988, 18 So.2d 591 (1944).
The district court correctly overruled defendants' exception of unconstitutionality.

Decree
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
Affirmed.
NOTES
[1] The distinction between implied and tacit dedication is not clearly made in all of the reported cases. The terms are sometimes used interchangeably and some cases seem to consider tacit dedication as a form of implied dedication. See, for example, Wyatt v. Hagler, 238 La. 234, 114 So.2d 876 (1959).