Dear Ms. Borne:
On behalf of the Lafourche Parish Council, you have requested this office to make a "final, conclusive determination" on the public or private status of the Eagle Island Road located south of Raceland in the Parish of Lafourche. The portion of the road in question is approximately 3.3 miles long, and connects the Eagle Island area of Lafourche Parish with Louisiana Highway 653. In connection with your request, you have submitted for our review 113 documents constituting the Parish's file on Eagle Island Road dating back to December 8, 1971.
To begin with, an opinion of this office should not be considered a "final, conclusive determination" of any issues that are the subject of an opinion request. This is especially true when the issue, such as the one presented in this request, is fact intensive. An opinion is based on the facts presented, and may be subject to an entirely different conclusion based on facts that are unknown at the time the opinion is rendered. Furthermore, an opinion of this office is just that, an opinion; and, as such, it does not establish a rule of law or set any legal precedent, which can only be obtained in the courts.
It is noted that the question of whether this 3.3 mile section of Eagle Island Road is public or private could not be determined in a previous opinion of this office due to the unclear maintenance history of this road since 1981. Opinion No. 92-811 correctly pointed out that sufficient maintenance of the road had to occur after 1981 since that was the year in which the 17th Judicial District Court in Suit No. 42,408 declared the road to be a private road owned by Exxon. However, Opinion No. 92-811 incorrectly concluded that "Exxon expressly permitted the Police Jury to conduct maintenance on the road under the letter agreement." The agreement referred to is Exxon's letter dated January 13, 1992 granting the Parish permission for a period of 1 year from January 15, 1992 to use the private road owned by Exxon for the purpose of passage to that part of the road beyond Exxon's property, which was being maintained by the Parish. The period was subsequently changed on August 17, 1992 by Parish President Steven D. Wilson to a three-month agreement from August 12, 1992.
The author of Opinion No. 92-811 either misconstrued the language of this agreement as permitting the Parish to conduct maintenance on Exxon's portion of Eagle Island Road due to a lack of knowledge of the history of the road or was misled by statements in the opinion request that the Parish was in fact maintaining this portion of the road pursuant to its agreement with Exxon.
Following the 1981 court decision that this was a private road, the Parish began requesting Exxon's permission to use its road solely for the purpose of allowing passage of the Parish's maintenance equipment to gain access to that portion of the road south of Exxon's property, which the Parish was maintaining. The original proposal was reviewed by the Parish's legal advisor who clearly pointed out that the road, where it traverses Exxon's property, was private; and that the use of Parish equipment or material on that portion would be illegal.
Beginning in 1984 and ending with the 3 month agreement beginning August 12, 1992, the Parish and Exxon executed a number of agreements which only permitted the Parish a right of passage to access that portion of the road south of Exxon's property. In all of the agreements, it was clearly stated that the sole intention of the agreement was to indicate Exxon's consent to allow the Parish passage to that portion of the road beyond Exxon's property, which was being maintained by the Parish. The Parish expressly acknowledged that it was not the intention of the agreement for Exxon to grant or the Parish to acquire any right-of-way or servitude, and that the Parish specifically agreed that its actions pursuant to the agreement would not constitute a dedication of the road for public use. Thus, if any maintenance was performed by the Parish between 1984 and the end of 1992 while the agreements with Exxon were in effect, such maintenance was illegal and contrary to the express terms of the agreements that only allowed the Parish to cross Exxon's property.
In early 1993 after receipt of Opinion No. 92-811, the Parish advised Exxon that Eagle Island Road would be accepted into the parish road system for maintenance since the Parish had maintained it for over three (3) years as provided for in La. R.S. 48:491 (B) (1) (a). Exxon responded on February 8, 1993 that it considered that portion of the road to be private as determined in the 1981 judicial proceedings, and that the Parish in its previous agreements with Exxon acknowledged that it was not attempting to acquire the road for public use. As noted above, the Parish cannot benefit from any maintenance it may have performed as such would be illegal and totally contrary to the terms and conditions of its agreements with Exxon. Any conclusion to the contrary would effectively sanction the Parish's actions in ignoring the limited right of passage it was granted in the agreements in order to obtain a right-of-way it agreed it was not seeking.
Furthermore, it is the opinion of this office that Exxon's letter of February 8, 1993 may be considered as active opposition on Exxon's part to any maintenance by the Parish to its private road. La. R.S. 48:491 (B) (1) (a) applies only where the landowner has knowledge of and acquiesces in the maintenance. It does not apply where the landowner opposes and protests such maintenance. See: Vaughn vs. Williams, 345 So.2d 1195 (La.App. 2nd Cir. 1977). Therefore, any maintenance performed by the Parish on Exxon's private road after February 1993 until December 1994, when Exxon sold the property to Otto Candies, Inc., would not meet the requirements of La. R.S. 48:491 (B) (1) (a).
There is no clear indication from the Parish's file submitted with this opinion request what position Otto Candies, Inc. has taken regarding the Parish's maintenance of the road. It is noted that on June 17, 1996, Otto Candies, Inc., submitted to the Parish an agreement that is identical in its terms and conditions to the agreements that the Parish and Exxon had previously executed conceiving this 3.3 mile section of Eagle Island Road. Apparently the Parish did not execute this agreement; but instead, at its June 25, 1996 meeting, passed a resolution requesting this current opinion.
It is certainly arguable that Otto Candies, Inc. would not have submitted an agreement proposing a limited right of passage if it was not protesting the Parish's maintenance. If Otto Candies, Inc. was acquiescing in the Parish's maintenance of the road, an agreement limiting the Parish's use to simply a right of passage would prevent the Parish from doing any further maintenance of the road.
In order to determine whether or not Otto Candies, Inc. is acquiescing in the Parish's maintenance of the road, the Parish may consider giving it notice of such maintenance in accordance with the provisions of La. R.S. 48:491 (B) (1) (b). If such notice is given Otto Candies, Inc., then actual and constructive knowledge of such maintenance would be presumed. Thereafter, if no protest is made and the Parish continues to maintain the road for three years then La. R.S. 48:491 (B) (1) (a) would apply; and the road could be considered tacitly dedicated to the public.
It would not be recommended that the Parish count the almost eighteen month period between December 1994 and June 1996 because of the submission of the limited right of passage agreement by Otto Candies, Inc. to the Parish. As noted above, that act by Otto Candies, Inc. may be found to be an active protest, which would interrupt any prescription that had accrued up to that point in favor of the Parish.
In conclusion, we would make one final observation that should be considered by the Parish in this particular case and other matters of a similar nature. The Parish's maintenance records submitted with this opinion request indicate that from February 15, 1993 to May 20, 1996 the Parish graded and placed a number of loads of crushed gravel and limestone on the Eagle Island Road. However, it would be impossible to conclude that the Parish's maintenance records, without further detail, would support a finding that the Parish in fact maintained this particular section of the road during this period of time. The records do not clearly reflect whether the maintenance activities and material used were on (1) that portion of the road previously owned by Exxon and now owned by Otto Candies, Inc., or (2) that portion of the road already being maintained by the Parish, or (3) along the entire length of the Eagle Island Road. In the future, a specific reference in the maintenance records to particular segments of a roadway by mile marker or other landmarks would be of assistance in analyzing matters of this type.
We hope that this review and analysis of the Parish's file on the Eagle Island Road will be of assistance to the Parish in this matter.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp