REGAN, Judge.
Plaintiffs, Raoul Martin, the owner, and Martin’s Marina, Inc., the lessee filed this rule to compel the defendants to show cause why they should not be enjoined from blocking a section of land plaintiffs allege is a public roadway that leads into their property at Grand Isle, Louisiana, and why they should not be compelled to remove a series of barrels that form a blockade of the road.
Named defendants were Patterson Cheramie, Bertoul Cheramie, Jr., and Nelson Cheramie, who claim ownership of the strip of property across which the barrels were placed, and Clyde Pregeant.[1] The latter defendant is Mayor of Grand Isle and the plaintiffs assert that he acted beyond the scope of his authority when he threatened to jail plaintiff Martin if the barrels were removed.
Defendants answered by virtue of a general denial. Pregeant additionally averred that any act he performed in connection with the disputed strip was an official act thus he was not individually liable.
From a judgment dismissing plaintiffs’ request for injunctive relief, they have prosecuted this appeal.
The record discloses that Raoul Martin owns property fronting on Bayou Rigaud and leases it to a family-owned corporation designated as Martin’s Marina, Inc. It is bounded on the east by the Cheramie tract. Louisiana Highway 1, the major traffic artery to this area of Bayou Rigaud, lies even further to the east. A 30 foot wide blacktop road, approximately 500 feet long, runs from the highway across the Cheramie tract to the eastern line of plaintiff Martin’s property. Between the Cheramie property and the highway lies land owned by Michael Harris. Ownership of that portion of the blacktop road bounding the Harris property is not at issue. Plaintiff’s land is bounded on the south by a 30 foot strip that surveys of the area show as a dedicated road. It junctures with the blacktop road near the eastern boundary of the Cheramie tract, and from there angles to the right.
We will refer to the dedicated road as the “Old 30” and the other as the Blacktop Road.
The incident that precipitated this litigation occurred on July 21, 1970. The Cher-amies barricaded the Blacktop Road at the point where it junctures with the “Old 30” by placing seven metal drums across it, consequently the section of Blacktop Road crossing a portion of the Cheramie tract to *287 the eastern boundary of plaintiffs’ property was blockaded and plaintiffs and their customers could not use it. When the Martins removed the drums, the Mayor of Grand Isle supervised replacing the seven drums and added a few more. While plaintiffs were thereby prevented from using the road that ran in a straight line from the highway to the eastern boundary of their property, it was still possible to reach Martin’s Marina by using the “Old 30” road.
Plaintiffs contend they are entitled to in-junctive relief since the barrels obstruct their use of a public road. It is conceded the disputed strip was originally owned by the defendants; however, plaintiffs contend it was tacitly dedicated to public use in that it was maintained by the Louisiana Department of Highways for a period in excess of three years. Plaintiffs claim the roadway became public by operation of R. S. 48:491, which, in part, reads:
“All roads or streets in this state * * * which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. * * * As amended Acts 1954, No. 639, § 1.”
The evidence adduced herein discloses that the disputed strip was tacitly dedicated as a public roadway since it was maintained by the Louisiana Department of Highways from 1953 through 1965. In 1953 the governing body of Jefferson Parish, then the Police Jury, contracted with the Louisiana Department of Highways to maintain certain roads in Grand Isle, one of which was the Blacktop Road. Between 1953 and 1958 or 1959, it was a shell road that was maintained approximately every three months by placing shells on it and grading it, according to Bruce Perdue, an assistant district engineer with the Department of Highways who was in charge of maintenance in the Grand Isle area. In 1958 or 1959 it was blacktopped by the state agency and required little maintenance thereafter.
When Hurricane Betsy struck the Louisiana coast in September 1965, a section of the Blacktop Road was washed away. Shortly thereafter, the Highway Department repaired the damaged roadway with sand and gravel. A short time later the Highway Department no longer worked or maintained the disputed section of the Blacktop Road because the Cheramies refused to permit the state employees to bring equipment upon the blockaded area. It was at this time that the state highway department built or rebuilt a shell roadway on the dedicated strip which we have referred to herein as the “Old 30.”
The foregoing facts are attested to by several men employed by the Department of Highways during this period, and by Michael Harris, who was mayor of Grand Isle from 1959 to 1968 and by other witnesses. They all agreed that the Blacktop Road was used by the public as a means of ingress and egress to Martin’s Marina until defendants erected the drum barricade.
Defendants requested the appearance of numerous witnesses who endeavored to establish that the disputed strip was never maintained by the state and had been used as a private parking lot by the defendants. We find that the evidence adduced herein to this effect is confused and evasive. However, even these witnesses indicate that there was some public maintenance prior to 1965.
Although the lower court in written reasons offered in support of its judgment stated that it found as a fact that it was questionable whether the parish or the state performed sufficient maintenance to constitute a dedication, it appears that it based its decision primarily on the finding that a governmental agency had not maintained the disputed strip since 1965.[2] It is *288 conceded by all litigants that the Highway Department discontinued maintaining the section after 1965 because the Cheramies refused to permit highway employees to work on what they claimed was their property.
*287 “There is some doubt as to whether the State of Louisiana and/or the Parish *288 of Jefferson maintained the parcel in question sufficiently to place the parcel under the provisions of LSA-R.S. 48:491, pai-ticularly since not one State or Parish official testified that any maintenance work was done after 1965.”
In our opinion, the fact that maintenance was discontinued after 1965 for whatever reason is of no moment and does not change the character of ownership. Under LSA-R.S. 48:491, once the disputed strip had been worked and maintained by the State Highway Department pursuant to an agreement with the Jefferson Parish Police Jury for a period of three years, the section became tacitly dedicated to public use. The more credible testimony establishes that the tract was shelled and maintained at public expense as a shell road for a period of at least five or six years and thereafter was blacktopped by the Highway Department. During this 12 or 13 year period, whatever maintenance was necessary was performed by governmental agencies. Thus, having been dedicated, it could revert to private ownership if the public discontinued using the tract as a public road for a period of ten years. Then the landowner would reacquire the tract by operation of LSA-C.C. art. 789, which provides that a servitude (in this case in favor of the public) is extinguished by non-usage for a period of ten years.[3] In this case, ten years has not elapsed since the public used the disputed area therefore it remains public.
Defendant argues that a tacit dedication did not occur because (1) the Cheramies did not impliedly consent to the dedication and (2) the maintenance performed was not sufficient to fall within the category of having been “kept up, maintained or worked for a period of three years” within the contemplation of LSA-R.S. 48:491.
The cases pointed out to us by the defendants to support the first argument are distinguishable. The most recent authority cited, Town of Eunice v. Childs,[4] involved the effort to have a passageway adjudicated public by virtue of three years maintenance. It appears that what maintenance was done was insignificant and performed without the knowledge of the property owner for many years. When the landowner eventually observed shells being poured into a hole on her property, she protested immediately by registering a complaint with the city attorney. In this case the defendants consented to and invited public maintenance for a period of 13 years before they protested. When they finally resisted efforts by the state to maintain the road, it had already become public. One of the defendants testified that he evidenced his intention of retaining the privacy of the property by blocking the road once a year either with a piling or a truck.
Assuming arguendo that we accept the foregoing as a fact, a view which the defendants consider most favorable to their case, we do not see how this would convert the passageway into a private road because (1) more than three years maintenance had been performed when the annual blockading occurred and (2) during this same period the department of highways was still performing whatever maintenance was necessary.
Relative to the defendant’s second contention we agree that the jurisprudence establishes a mere “brushing up” [5] or token maintenance is not sufficient to establish a tacit dedication to public use of *289 property so maintained. But these are not the facts posed for our consideration. It appears that periodic shelling and grading during the 1950s and the blacktopping in 1958 or 1959 would constitute substantial maintenance. In fact, it appears that all the maintenance necessary was performed at public expense.
Finally the defendant argues that the disputed strip falls within the purview of R.S. 9:1251,[6] which is an exception to R.S. 48:491. That section rationalizes that a passage made available to the public as ingress or egress to waters or a recreational area, even though maintained at public expense, does not become dedicated to the public after three years elapse. Clearly plaintiffs’ land is used as a commercial marina and the public road given ingress and egress is not subject to this exception.
In conclusion the defendants argue that the Town of Grand Isle has abandoned the disputed strip by constructing and maintaining the “Old 30” Road. They cite R.S. 48:701 which provides municipalities may revoke dedications of public roads that have been abandoned. This provision is inapposite.
There is nothing in the record to establish that the Town of Grand Isle has taken any action whatsoever in connection with the “Old 30” Road or the Blacktop Road other than the action by the Mayor in assisting with the barrel blockade.
For the reasons assigned, the judgment appealed from is reversed in part and it is now ordered, adjudged and decreed that the defendants Patterson Cheramie, Bertoul Cheramie, Jr., and Nelson Cheramie must remove the drums blocking ingress and egress on the Blacktop Road to the eastern edge of the Martin property and defendants are further enjoined from interfering with the public use thereof or maintenance thereof in the future.
Judgment dismissing the suit against Clyde Pregeant is affirmed.
Defendants are to pay all costs incurred herein.
Affirmed in part; reversed in part; and rendered.

. Defendant Pregeant filed an exception of no cause of action based on the assertion he was acting in an official capacity, and thus was not individually liable.

. The reasons of the trial court state in part:

. Harris v. Adams, La.App., 203 So.2d 809 (1967); Bell v. Tycer, La.App., 97 So.2d 448 (1957).

. La.App., 205 So.2d 897 (1967).

. Bordelon v. Heard, La.App., 33 So.2d 88 (1947).

. The pertinent part provides:
“Any other provisions of the laws of this state to the contrary notwithstanding, whenever any land owner voluntarily, whether expressly or tacitly, permits j>as-sage through or across his land by certain persons or by the public, solely for the purpose of providing a convenience to such persons in the ingress and egress to and from waters for boating, or for the purpose of ingress and egress to and from any recreational site, neither the public nor any person shall thereby acquire a servitude or right of passage, nor shall such passage become a public road or street by reason of upkeep, maintenance, or work performed thereon by any governing authority.”