280 So.2d 847 (1973)
J. R. CHARGOIS et al., Plaintiffs-Appellees,
v.
Sterling ST. JULIEN et al., Defendants-Appellants.
No. 4236.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1973.
Rehearing Denied August 15, 1973.
Cooper & Sonnier by Charles R. Sonnier, Abbeville, for defendants-appellants.
*848 Toxie L. Bush, Jr., Abbeville, for plaintiffs-appellees.
Before FRUGÉ, MILLER, and DOMENGEAUX, JJ.
FRUGÉ, Judge.
Plaintiffs, heirs or assigns of Clovis Chargois, brought this action in order to establish ownership in a strip of land containing a dirt road and permanently enjoin defendants from using the passageway. Defendants are the record owners of property situated immediately north of the passageway. From the ruling by the trial court holding that the dirt road was not tacitly dedicated to the public in accordance with LSA-R.S. 48:491, defendants-appellants appeal suspensively. We affirm.
As correctly pointed out by counsel for defendants in brief, this case will be disposed of by resolving the following issue: Whether or not sufficient maintenance was exercised by the Vermilion Parish Police Jury or the Village of Maurice to tacitly dedicate to the public, and therefore to the interested defendants, the road in question?
On November 24, 1971, plaintiffs-appellees J. K. Chargois, et al., filed suit contending the following:
"(1) that the dirt road is and has always served as a private means of ingress and egress from the Clovis Chargois properties, and is not now nor never has been used by the general public, with the exception of the Defendants in this suit; (2) that such maintenance by public equipment or with public funds as may have been done upon the dirt road, was not substantial, and amounted to `brushing up' or token maintenance done as political favoritisms in much the same manner that the Defendants' lots were cleared and leveled with public equipment, all as is fully shown in the record; and (3) that even if the roadway has become a public road, that the roadway does not adjoin Defendants' lots, nor is it the boundary of the Defendants' respective properties, and the Defendants have and had no right to access from their properties to the dirt road; to cut the north fence of the Chargois Estate, and to use the strip of land and ditch between the dirt road and Defendants' respective properties."
Defendants-appellants, Sterling St. Julien, et al., are assigns of Felicia Catalon; they claim the private road became public by operation of LSA-R.S. 48:491. The statute referred to, so far as pertinent, provides:

"All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be." (Emphasis ours).
On appeal defendants contend the trial judge was manifestly erroneous "in finding as a matter of fact that the police jury had not kept up and maintained or worked the road for three years so as to constitute a dedication of the road in question in accordance with La.R.S. 48:491".
The principle of implied dedication is a very old one in Louisiana. The essence of the principle is that the landowner, through his words or conduct, has assented to the public use of the passageway. This dedication has been analogized as a "contract" with the public whereby the landowner offers the passageway and the public accepts the offer by using it. Town of Eunice v. Childs, 205 So.2d 897 (La.App.3rd Cir., 1967). Essential to the application of implied dedication is that the landowner intends to make a particular *849 passageway a public thoroughfare. The jurisprudence is settled to the effect that a mere "brushing up" or token maintenance of a private road is not sufficient to establish a tacit dedication to public use of private properties so maintained. Martin v. Cheramie, 264 So.2d 285 (La.App.4th Cir., 1972); Bordelon v. Heard, 33 So.2d 88 (La.App.1st Cir., 1947).
The disputed course runs along the northern edge of the Chargois Estate properties located in Vermilion Parish. It has always been basically a dirt passageway. Testimony does show that the strip of land was used occasionally as a passageway by some people for one or more purposes; it may be that as a matter of convenience to them, the Parish road grader, when being used in that area, graded it on a few occasions. However, with regard to the nature of the disputed roadway, public contribution to its upkeep was meager at best; the evidence indicating that such parish maintenance as was furnished to the roadway constituted very limited maintenance or working thereof.
The record reveals that the major maintenance of the disputed roadway was performed by plaintiffs. Additionally, there was testimony from several witnesses that the disputed roadway at one time was a way to an oil field location and that the oil company, or their contractors, occasionally performed preserval work upon the roadway which included placing gravel thereon.
Defendants produced several witnesses who testified that they were employed by the Police Jury member from the Fourth Ward in which the property in question is located. The lower court found that their testimony relating to the amount of work done on the road was conflicting and vague. Exemplification of the guarded testimony referred to by the district judge is seen from the testimony of Walter D. Broussard, Police Juror representing Ward Four from 1956 to 1968:
"Q. You saw the work done?
A. Yes.
Q. When was that?
A. I don't remember.
Q. On how many occasions?
A. I can't say.
Q. Okay. To the best of your knowledge, on how many occasions was work done on the road?
A. I don't remember.
Q. During your term of office.
A. I don't remember.
Q. On how many occasions was gravel put on the road, during your term of office?
A. I don't remember." (Tr. p. 131).
The District Court judge noted in written reasons for judgment that he went onto the property and personally viewed the disputed roadway; his inspection revealed the passageway to be "just an ordinary dirt farm road which is not very well kept or maintained". After summarizing the testimony of various witnesses, the trial judge concluded:
"It would appear that there is conflicting testimony as to the amount of work done on the road and by whom it was done. The court feels that the defendant has not established that the Police Jury kept up and maintained or worked the road ... so as to constitute a dedication of the road. The court feels that the evidence fails to establish this.
"The court also feels that the plaintiffs have failed to prove the damages sustained by them.... Under the circumstances, the court will award no damages to the plaintiff. The court will hold that the plaintiff is entitled to the injunction.
"Costs of court are to be divided equally between the parties."
This case is a simple illustration of a trial judge discharging his heavy responsibility *850 of resolving conflicting testimony. In holding that defendants failed in their attempt to prove the vital matters necessary for an implied dedication, the trial judge ruled in favor of plaintiffs. After close examination of the record, we are convinced that defendants have failed in their attempt to convince this court that the trial judge committed manifest error in so ruling.
For the reasons expressed above, the judgment of the trial court is affirmed. Costs of this appeal are assessed to defendants-appellants.
Affirmed.