309 So.2d 769 (1975)
Nancy BOYNTON et al., Plaintiffs-Appellants,
v.
Hilda BERTRAND and Elda Bertrand, Defendants-Appellees.
No. 4915.
Court of Appeal of Louisiana, Third Circuit.
March 19, 1975.
*770 Roger C. Edwards, Abbeville, for plaintiffs-appellants.
Thompson & Sellers by Roger Sellers, Abbeville, for defendants-appellees.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
WATSON, Judge.
Plaintiffs, Roger C. Edwards, W. P. Edwards, Jr., Roger E. Boynton and Nancy Boynton, filed suit against defendants, Hilda Bertrand and Elda Bertrand, to enjoin them from denying plaintiffs the use of a gravel and shell road in Vermilion Parish which had allegedly become a public road under LSA-R.S. 48:491. Defendants admitted in answers to interrogatories that the police jury of Vermilion Parish had graded the road in question approximately once a year, but claimed the road was private and primarily maintained by defendants. Defendants reconvened for damages of $1,000 for alleged destruction of a fence on the southern boundary of their property.
The trial court rendered judgment in favor of defendants on the main demand and awarded defendants $100 damages on their reconventional demand against plaintiffs. The trial court found that the road was private rather than public since there was no intent to dedicate it to public use and the major portion of the maintenance on the road was done by defendants. The court also found that repair of the damaged fence would cost approximately $100.
Plaintiffs have appealed from the adverse judgment contending that the trial court erred in finding that the road was not public and also erred in awarding damages to defendants for the fence.
LSA-R.S. 48:491, as amended in 1954, reads in pertinent part as follows:
"All roads or streets in this state that are opened, laid out or appointed by virture of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be...."
The road in dispute runs East from Louisiana Highway 82 for approximately 1,050 feet. The record does not indicate who constructed the first half, measuring some 500 feet, but Willis Neveaux, husband of defendant, Elda Bertrand, testified that he constructed the rest of the road.
Various witnesses testified as to the maintenance of the road. Dallas Frederick, an employee of the Vermilion Parish Policy Jury, testified that he had graded the road with the police jury's motor patrol about three times a year for twelve years. He also occasionally unstopped a ditch. A. F. "Ben" Frederick, a police juror for nine years, testified that the police jury not only graded the road but once had the ditch along the road cleaned out. Other testimony revealed that Dallas Frederick earned $301.05 per month, and the motor patrol had a list price of $26,050.00. It is undisputed that the work by the police jury's employee and equipment was done at the request of the property owners or their spouses. The trial court found that grading of the road was done by the police jury roughly three times a year but stated that it was insufficient to constitute maintenance of the road under the statute in view of the other work done on the road by the property owners. This consisted according *771 to the testimony of mowing the shoulders, cleaning the ditches and putting shell and gravel on the road.
It was stipulated that a United States mail route was established on the road in 1965, and mail was delivered to Roy Bertrand, brother of defendants; Willis Neveaux; Stafford Labry, husband of defendant, Hilda Bertrand; Patricia Gray, an owner of adjoining property; and Cheryl Creswell, who lived with Patricia Gray.
The evidence as to the ownership and damage, if any, to the fence was not conclusive.
Willis Neveaux testified that the fence was originally built by the neighboring landowner, Warren P. Creswell, but was rebuilt by Neveaux. The deeds and plats and Creswell's testimony show that Creswell had sold a tract adjacent to the fence to Patricia Gray who in turn sold it to plaintiffs. When the fence was rebuilt, Creswell and Neveaux both contributed material and labor. Neveaux testified that "Mr. Edwards" (presumably one of the plaintiffs) put a gate in the fence and thus loosened up the wire. Neveaux said that the corner posts used with the gate should be replaced by larger posts and he thought it would cost $100 or $110 to do this "... something like that ...." (T.R. 148)
Warren P. Creswell testified that he had originally built the fence, and he contributed wire when it was rebuilt by his son and Neveaux. His son, Tim Creswell, confirmed that he and a friend worked with Neveaux to rebuild the fence. Tim Creswell said that he furnished the corner posts costing eight or ten dollars each and the braces. Tim Creswell also testified that the section of the fence where the gate had been cut was in as good a condition as the rest of the fence; according to this witness, "... the worst part of the fence is where my horse ran into it...." (TR. 109)
The evidence is insufficient to establish that defendants in fact own the fence for which they claim damages; that the fence was damaged; the amount of such damage, if any; and the person or persons responsible. The sole basis for this award of damages to defendants is the testimony of Willis Neveaux and he testified only that it would be a good idea to replace the corner posts and it would be hard to say what this would cost. Therefore, we are of the opinion that the trial court erred in awarding defendants $100 for damages to the fence.
The remaining issue for decision is whether or not the police jury of Vermilion Parish has "... kept up, maintained or worked for a period of three years ...." (LSA-R.S. 48:491, supra) the road in question and thereby made it a public road. The jurisprudence holds that token maintenance of a private road by a public body is not sufficient to establish a tacit dedication of the road to public use under this statute. Chargois v. St. Julien, 280 So.2d 847 (La.App. 3 Cir. 1973). In Martin v. Cheramie, 264 So.2d 285 (La. App. 4 Cir. 1972); writ refused 262 La. 1174, 266 So.2d 450, the road in dispute was not only graded but also shelled and subsequently black-topped by the public authority and held to be a public road. In Police Jury, Parish of Catahoula v. Briggs, 291 So.2d 472 (La.App. 3 Cir. 1974), regular grading for a period in excess of 12 years of a dirt road constructed with police jury equipment was held to be sufficient maintenance to meet the requirements of the statute. Many of the cases, such as the foregoing and Porter v. Huckabay, 221 La. 120, 58 So.2d 731 (1952), involve situations where the road was actually constructed by the public authority, although this is not decisive under the statute. Others apparently consider the relative public and private contributions to a road, the rationale of the trial court here. However, we do not believe that the work on this road, which consisted of regular grading approximately three times a year and occasional cleaning of ditches at the request of the owners of the road, can be justified as "token maintenance" and thus falling within *772 the jurisprudential exception to the statute. Therefore, we hold that the trial court erred in finding that this road remained a private road in spite of the twelve or more years that the police jury of Vermilion Parish aided in its maintenance.
For the foregoing reasons, the judgment of the trial court is reversed and a tacit dedication of the road traversing the property of defendants, Hilda Bertrand and Elda Bertrand to public use under the provisions of LSA-R.S. 48:491 is declared. The award of damages in the amount of $100 to defendants and plaintiffs-in-reconvention, Hilda Bertrand and Elda Bertrand, is also reversed.
All costs are assessed against defendants-appellees, Hilda Bertrand and Elda Bertrand.
Reversed.