307 So.2d 103 (1974)
E. M. ROWE, d/b/a Laurel Hill Lumber Company, Plaintiff-Appellee,
v.
Melba L. HARVEY, Defendant-Appellant.
No. 10029.
Court of Appeal of Louisiana, First Circuit.
December 16, 1974.
Rehearings Denied February 10, 1975.
Writ Refused April 11, 1975.
*104 Stephen P. Dart, St. Francisville, for defendant-appellant.
Richard Kilbourne, Clinton, for plaintiff-appellee.
Before SARTAIN, ELLIS and de la HOUSSAYE, JJ.
SARTAIN, Judge.
This is an appeal from a judgment of the Twentieth Judicial District Court for the Parish of West Feliciana overruling a motion to dissolve a temporary restraining order granted to E. M. Rowe, plaintiff in this matter, and further granting him a preliminary injunction. From this judgment defendants appeal. We reverse.
In December, 1973, Mr. E. M. Rowe purchased the timber standing on property owned by Mr. Dan DeLee in the Fourth Ward of West Feliciana Parish. In January, 1974, Mr. Rowe commenced hauling the timber cut under that contract over an unimproved road which connects Mr. DeLee's property with a public road forming part of the West Feliciana Parish road system, this public road being west of Mr. DeLee's property. The unimproved road crosses property of the defendant, M. L. Harvey, and his co-owner, N. P. Chesnut.
The issue in the instant case is whether the road in question is a private road or a public road. Plaintiff Rowe contends that the road is a public road while the defendants argue that this dirt road is a private road and is not now nor has it ever been a public road.
The plaintiff in his petition alleges that if he cannot use the road he will suffer irreparable injury and therefore asks for a temporary restraining order, a preliminary injunction and a permanent injunction based on the contention that the dirt road is a public road and that M. L. Harvey had attempted to interfere with its use thereof. The court granted a temporary restraining order to E. M. Rowe, on February 7, 1974, which restraining order was extended to February 22, 1974.
Defendant, M. L. Harvey, filed a motion to dissolve the temporary restraining order on February 15, 1974, and on February 21, 1974, he, together with his co-owner, N. P. Chesnut, filed an answer and reconventional demand in which they reiterated their request for dissolution of the temporary restraining order and denial of the preliminary and permanent injunctions and alternatively asked for a preliminary and permanent injunction in order to stop E. M. Rowe's authorized use of the dirt road.
On March 2, 1974, defendants further filed a motion to dissolve the temporary *105 restraining order granted plaintiff and requested a preliminary injunction to prevent plaintiff's use of the road in question. The basis for this motion was defendant's belief that the road was always private, but if there had been a tacit dedication under Louisiana Revised Statute 48:491, it had been revoked under L.R.S. 48:701 by action of the Police Jury of West Feliciana Parish on September 8, 1968, and further that L.S.A. 48:491 was unconstitutional on various grounds.
On March 4, 1974, there was a consolidated hearing on a rule to show cause why a preliminary injunction should not issue in favor of plaintiff together with a motion to dissolve the temporary restraining order granted plaintiff. As a result of this hearing, the lower court granted plaintiff a preliminary injunction while dismissing defendant's motion to dissolve the temporary restraining order and it is from this ruling that defendant has appealed.
We are forced to conclude that the trial judge erred in finding that the road in question was a public road, following a tacit dedication under L.R.S. 48:491, which reads as follows:
§ 491. What are public roads
All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. Also all roads or streets made on the front of their respective tracts of lands by individuals when the lands have their front on any of the rivers or bayous within this state shall be public roads when located outside of municipalities and shall be public streets when located inside of municipalities. As amended Acts 1954, No. 639, § 1.
We recognize that the judge a quo resolved the conflict in the testimony in favor of the plaintiff, but our examination of the transcript forces us to disagree with his conclusion.
L.R.S. 48:491 specifically provides that a tacit dedication results when a road has been "maintained or worked for a period of three years by authority of any municipal governing authority". The evidence presented herein convinces us that the road was not maintained sufficiently to effect a tacit dedication and what work was done on the road was very minimal and without authority.
It is undisputed that up until 1968 the Police Jury maintained a rather helpful attitude towards property owners and generally worked most private roads and driveways in the parish when they had equipment in the area. While these acts may have been ultra vires on the part of the parish and could, in fact, result in a tacit dedication, such is not the case here. The trial judge found that the road had been worked and maintained in 1966, 1967 and 1968 sufficiently by parish equipment to constitute a dedication. It is with this conclusion that we specifically disagree.
Mr. Steve Bowman, Superintendent of Roads for West Feliciana Parish, testified that from the date of his employment on March 1, 1965, in this capacity, if any work had been done on this road it was unauthorized.
The minutes of the Police Jury meeting of September 6, 1968 reflect the following:
"Emily DeLee appeared at the Police Jury meeting and asked that the road to the DeLee property in the Fourth Ward be graveled by the Parish. She was advised that the road was considered a private road, but if rights of way could be obtained so that the road would join two existing roads then the Police Jury *106 would consider taking the road into the Parish Road System. She said that she would try to obtain the rights of way that would connect the road with old Highway 61."
This position by the governing authority was supported by a letter under date of May 21, 1968 from the District Attorney of the said parish advising the Police Jury that as a matter of law the Police Jury was without authority to use its equipment for the maintenance of private roads and driveways.
The record reflects that this opinion was requested to support the Police Jury in its efforts to discontinue its previous practice.
Mr. Jackson Babers testified that he had served on the Police Jury for a period of twenty-five years, terminating his tenure in 1968, and that during that time there was no formal dedication of the road and that if it was worked, it was not more than once a year when the road was graded to knock out ruts, etc.
Mr. Joe Riley testified that he, as Crew Foreman, knew of only three times that the road was graded and that the last time was in 1965 or 1966. He further acknowledged that he would not have acted contrary to Mr. Bowman's orders.
Mr. Leonard Washington stated that he operated a road grader for the parish for fourteen or fifteen years and that he worked the road one time ten to twelve years ago.
Mr. Garret Morris stated that he was a road grader operator for the parish and that he last worked the road fourteen years ago and that he received instructions only to work the road one time. On the other occasions he took it upon himself to grade the road if he was in the area and it appeared that it needed it.
There is no dispute concerning the fact that the grading simply consisted of "knocking over rough spots". No gravel was ever placed on it nor were any limbs or trees ever trimmed.
The record is abundantly clear to us that all that was done to the road with parish equipment was to clear out any rough spots if it was apparent and if equipment was in the area. The Police Jury itself, as evidenced by its minute entry, above, declined to accept the road in its parish system. The road itself does not serve a public use.
Mr. DeLee is not a party to this suit and the issue of ingress and egress to his property is not presented. The defendants did testify that they had no objection to Mr. DeLee using this road to get to his property, but they definitely declined to extend this use for logging purposes.
In Fontenot v. Veillon, La.App., 72 So.2d 587, (writs refused, 1954), this court found that substantial work was done on the road there in question consisting of the construction of a bridge, removal of stumps, and even rebuilding the roadbed. In Latour v. Dupuis, 164 So.2d 620 (3 La.App. 1964), the court found that although the governing authority there may have refused to accept the road in question as a public one, the question for resolution was whether the work performed on the road fell within the purview of L.R.S. 48:491, and thus became tacitly dedicated by operation of law. The court found that the defendants permitted the authority to grade the road once or twice a year and to put gravel on it on at least one occasion. More importantly, parish workmen customarily trimmed the branches of the trees in the ditches on the sides of the road at the times it was graded. Significantly, the court found that the parish "contributed the major portion of the maintenance or working of the road for a period in excess of three years."
In each of these cases a question of maintenance is one of degree. The mere occasional brushing of a pathway does not constitute working or maintenance within *107 the meaning of the statute. Bordelon v. Heard, 33 So.2d 88.
In Wyatt v. Hagler, 238 La. 234, 114 So. 2d 876, the court found that the dragging of a street and its adjacent ditches three or four times a year with an occasional spreading of gravel was sufficient maintenance to constitute a dedication. See also Latour v. Dupuis, 164 So.2d 620 (3 La. App., 1964).
While we have described the work done on the road in question as consisting of "grading", the road was actually just scraped by the grader to smooth any existing ruts.
In addition to the very minimal amount of work performed on the road in question, there exists two significant factors. It is obvious from the record that the road was never intended for public use. For a number of years, where it joined the Island Road, there was a sign indicating that the road in question was a "private road". Photographs placed in the record clearly show that this is a one lane road at best that contains neither side ditches, gravel nor built-up shoulders. As a matter of fact, the Police Jury declined to consider the road public because it did not want to go to the expense of placing several culverts and a bridge thereon.
Further, we do not believe that under the facts presented in this case, i. e., the minimal amount of work performed with parish equipment, justifies the invocation of the provisions of L.R.S. 48:491 when it is the clear intention of the governing authority and the abutting landowners that a dedication was not contemplated. While we can not condone the use of parish equipment on any non-public road, to hold this road as having been tacitly dedicated under the particular facts of this case would force upon the governing authority the future maintenance and upkeep of a road contrary to its wishes and that of the abutting property owners.
Accordingly, for the above reasons, the judgment of the district court granting plaintiff a preliminary injunction is reversed and set aside and defendant's motion to dissolve said injunction is hereby granted. The costs of this appeal and the previous proceedings incidental hereto are charged against appellee.
Reversed and rendered.