BIGBY, Judge.
Defendant appeals from a judgment permanently enjoining him from using a private road on plaintiff’s property, contending that the road has become public because of the tacit statutory dedication. Louisiana Revised Statutes 48:491. We affirm.
The evidence conflicted, but the preponderance of the evidence and the testimony of disinterested witnesses supports the trial court’s conclusion that the road has never been considered as a parish road or routinely and regularly maintained by the Police Jury. See Rowe v. Harvey, 307 So.2d 103 (La.App. 1st Cir. 1974); Jackson v. Logansport, 322 So.2d 281 (La.App. 2d Cir. 1975). See also Robinson v. Beauregard Parish Police Jury, 351 So.2d 113 (La.1977).
The ownership of the property of plaintiff and defendant and the location of the road in question are depicted on this reproduction from a plat in the record:

Defendant’s property lies northwest of plaintiff’s. Both Road B and Road A are located on plaintiff’s property but it is admitted by the defendant that Road A is private, leaving Road B the only one in dispute. Defendant wants to use Road B as this would allow him the convenience of a circular driveway.
The lower court concluded:
“The only significant work ever done by the Police Jury on Road B was the dumping, and leveling, of gravel thereon in 1973. The latter was an exceptional act by the Police Jury and was done to accommodate the defendant and his tenants at a time of unusually wet weather. The accommodation would have been given, at that time, to any parishioner in the same situation.”
At best, the record shows that public maintenance on the road in question was performed only three times during an 18-year period.
For the reasons assigned by the trial court and summarized here, the judgment is affirmed at appellant’s cost..