CUTRER, Judge.
This is a suit for permanent injunction and damages wherein Floyd P. Beard seeks to enjoin the Beauregard Parish Police Jury from maintaining a road across plaintiff’s property. The trial court dismissed plaintiff’s demands. We affirm.
The sole issue presented oh appeal is . whether the road across the Beard property had become a public road by virtue of three year maintenance by the Beauregard Parish Police Jury.
Floyd Beard, a resident of Calcasieu Parish, is the owner of a ten acre tract of land in Beauregard Parish described as the Northeast Quarter of the Southeast Quarter of the Northeast Quarter of Section 3, Township 5 South, Range 11 West. Plaintiff acquired the property from his father by a cash sale dated November 22, 1974. The property is timberland.
Shortly after Beard purchased the property, he saw the property for the first time and discovered the existence of a road across the tract. Beard had his attorney write a letter to the Beauregard Parish Police Jury, protesting the location of the road. The letter, according to Beard, was written on May 22, 1975, though no copy was admitted into evidence. It is clear, however, that the district attorney of Beauregard Parish informed the Police Jury of the protest by June of 1975.
The road in question begins at a graveled parish road and extends west across plaintiff’s property, through property owned by a Mr. Abdalla, and terminating at the home of Mrs. Cora Perkins. The road is principally of dirt with some gravel and contains no ditches. The road existed before 1933, the year Mrs. Perkins and her husband established their home to the west of Beard’s property. The road apparently was created initially for logging purposes. The road has been used by .the Perkins family since 1933 for ingress and egress to and from their home. Visitors to the Perkins home use the road. Persons who hunted in the area also *627 used the road from time to time. Since about 1940, the road has been graded occasionally by Police Jury personnel.
Mrs. Perkins testified that Jerry Havens, a police juror for several years prior to 1948, had the road graded more than once a year. Hayden Grantham, a police juror from 1948 until 1960, testified that at the request of Josh Perkins (Mrs. Perkins’ now deceased husband), he graded the road from time to time, perhaps as much as four to five times per year during his tenure in office. Earl Hollinesworth, a police juror from 1960 until 1972, testified that he graded the road two to three times a year and more often if weather conditions required same. Owen Slaydon, the police juror at the time of the trial, had served since 1972. During his term, the road had received more attention. According to Slaydon, the road was graded about once a month. In addition to grading the road, Slaydon had gravel put in some of the holes in the road. According to Mrs. Greta Magel, a daughter of Mrs. Perkins, this gravel was put on the road sometime between October of 1973 and March of 1975. The gravel was put on the part of the road that was on the property of a Mr. Abdalla. The testimony of these witnesses was corroborated by other witnesses. During the many years prior to 1975-that the Police Jury graded the road, no protest by any owner was made regarding work done on the road.
The plaintiff contends on appeal that the trial court erred in holding that the maintenance of the Police Jury was sufficient to satisfy the requirements of LSA-R.S. 48:491.
LSA-R.S. 48:491 provides as follows:
“All roads or streets in this state that are opened, laid out or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality, or which have been or are hereafter kept up, maintained or worked for a period of three years by authority of any parish governing authority in its parish or by authority of any municipal governing authority in its municipality shall be public roads or streets as the case may be. . ” (Emphasis ours)
Beard contends that the grading of the road by the Police Jury consisted of nothing more than a mere brushing up or a token maintenance. Brushing up or token maintenance is not sufficient to invoke the provisions of LSA-R.S. 48:491. Rowe v. Harvey, 307 So.2d 103 (La.App. 1st Cir. 1974), writs den., 310 So.2d 642 (1975). Beard further contends that evidence shows that work which would be considered more than brushing up did not begin until October of 1973. Since a protest was made by June 16, 1975, the running of a three year maintenance period was interrupted. Town of Eunice v. Childs, 205 So.2d 897 (La.App. 3rd Cir. 1967), writs ref’d, 251 La. 937, 207 So.2d 540 (1968).
The trial judge held that the maintenance performed by the Police Jury for many years prior to Beard’s protest was more than a mere brushing up or token maintenance. He therefore dismissed plaintiff’s demands, since, under the provisions of LSA-R.S. 48:491, the road was a public road.
Beard argues that the case is similar to Rowe v. Harvey, supra, and thus we should find that the maintenance was only “brushing up” or token maintenance.
In Rowe, the road in question had been worked by parish equipment over a three year period. The work done on this road was unauthorized by the parish superintendent of roads. The road was graded within that three year period no more than three times. The road did not serve a public use. No work had been performed in at least eight years prior to suit. No gravel had ever been placed on the road. The parish had declined to accept the road into the parish system. The road was obviously not intended for public use. The court noted that there was a sign at the entrance of the road that indicated the road was a “private road.” The road had no side ditches and no built-up shoulders. The court in Rowe evaluated these factors and determined that the circumstances did not justify the invocation of LSA-R.S. 48:491.
*628 Beard argues that in the instant case, there were no ditches and that, as in Rowe, the grading amounted only to smoothing out the rough spots. Thus, the road should not be considered as a public road.
We disagree. The question of maintenance is one of degree. One element, such as a presence or not of ditches, does not of itself outweigh other considerations. In a similar case, Boynton v. Bertrand, 309 So.2d 769 (La.App. 3rd Cir. 1975), the court stated that:
“. . . we do not believe that the work on this road, which consisted of regular grading approximately three times a year and occasional cleaning of ditches at the request of the owners of the road, can be justified as ‘token maintenance’ and thus falling within the jurisprudential exception to the statute.”
In the case of Mouton v. Bourque, 253 So.2d 689 (La.App. 3rd Cir. 1971), the road in question had gates at both ends which were locked during the winter months. The road was graded between one and three times a year for thirty years. During some years, no work at all was done on the road by the police jury. One load of gravel was spread on the road. There were ditches alongside the road, but they were graded only once in thirty years by the parish graders. The court in that case found that the road was dedicated under LSA-R.S. 48:491 as a public road.
In the present case, the road was graded by the parish grader for more than thirty years without objection by Beard or his ancestors in title. The road was graded more than once a year. Since 1972, the road has been graded once a month. Some gravel was placed on the road by the parish to fill in holes prior to Beard’s protest. A cattleguard was placed in the road. The maintenance done by the parish was the only significant maintenance performed by anyone. As the trial court pointed out, persons other than the Perkins family used the road, such as friends, relatives, business acquaintances and hunters.
We find that the maintenance performed by the Police Jury was more than token maintenance and thus the road is a public road under the provisions of LSA-R.S. 48:491.
For the assigned reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.