PONDER, Judge.
Defendant appealed the trial court’s judgment ordering the cancellation of a notice of lis pendens.
The sole issue on appeal is whether the cancellation of the Ms pendens was proper. However, we have determined that the case is moot.
Defendant, Ann Cook Ourso and William C. Ourso, were legally separated on August 11, 1980 and executed a community property settlement on August 15, 1980. In that agreement defendant conveyed her interest in the community, including her undivided interest in property held by Hope Developers, a partnership in commendam, and stock in Charbonnet, Inc., in return for $216,000.00,[1] represented by a note payable on demand.
The parties then signed a counter letter, in which Mr. Ourso agreed to pay the obligation as soon as he was financially able.
Defendant filed a suit to rescind the community property agreement, alleging lack of or failure of consideration[2] and a notice of Ms pendens regarding the property transferred in the community property settlement. Charbonnet, Inc. and Hope Developers then filed this suit seeking cancellation of the notice of Ms pendens and contended that Hope Developers owned the property at the time of the execution of the community property settlement and that some of the property described in the notice had been transferred to Charbonnet, Inc. prior to its filing.
The trial judge ordered the cancellation of the notice in January, 1983 and defendant filed a devolutive appeal.
*886 Plaintiffs failed to carry their burden in a previous motion to dismiss on the grounds of mootness because they did not attach a certified copy of the judgment in Mrs. Ourso’s suit. Hope Developers v. Ourso, 439 So.2d 450 (La.App. 1st Cir.1983).
A judgment was rendered in defendant’s suit seeking rescission of the community property agreement on February 9, 1983. The trial court dismissed the suit but did not order the cancellation of the notice of lis pendens pursuant to La.C.C.P. art. 3753, because it had already been cancelled by the trial court judgment in the case sub judice. No appeal was taken from the dismissal of Mrs. Ourso’s suit and that judgment is final. The counsel for both parties did not see fit to inform us of this action. We deem this less than full cooperation with this very busy court.
Any decision rendered herein would have no practical relief in light of the above facts. Even if we could find that the cancellation was improper, a reinstatement of the lis pendens would be impossible since Mrs. Ourso’s case has been dismissed by a final judgment. The case is moot.
Therefore, for the above reasons, we dismiss the appeal for being moot and costs are assessed equally to the appellant and the appellees.
APPEAL DISMISSED.

. Hope Developers is a partnership in commen-dam with 70% of the ownership belonging to Mr. Ourso and 30% belonging to Mr. Thomas Benton. Charbonnet Corporation is a corporation that develops and markets the Hope Developers's properties and is also owned by Mr. Ourso and Mr. Benton in the same proportions.

. Defendant initially filed a suit on the note after Mr. Ourso did not pay it on demand. The two suits were consolidated. Judgment was rendered in favor of Mrs. Ourso on the first suit and Mr. Ourso appealed. That appeal was later dismissed after the parties reached a settlement.