PONDER, Judge.
Defendants appealed the judgment rendered against them in this suit to have a road on their property declared a public road pursuant to LSA-R.S. 48:491, and to have a fence blocking access to the road removed.
The issues on appeal are whether the trial court committed manifest error by: (1) finding a tacit dedication of defendants’ road; (2) including within the tacit dedication certain property not included in the road proper; (3) ordering defendants to remove a fence which restricts public access to the road; and (4) dismissing defendants’ reconventional demand for damages and injunctive relief.
We affirm.
The Campos (defendants) are the owners in indivisión of a tract of land fronting on the north side of Louisiana Highway 16, near Amite. Adjoining the Campo property to the east is a tract owned by Nic J. Guzzardo (plaintiff). The Campo property has a house and trailer located about a quarter of a mile from the highway, which are connected to the highway by a narrow unpaved road (Campo Road [1]) which lies entirely on Campo land just west of and mostly parallel to the boundary shared with the plaintiff.
In 1973, when plaintiff constucted a small shopping center on the extreme southwest corner of his property, he ignored the boundary line and used the Cam-po Road for access to the state highway and to the rear of plaintiff’s shopping center. As time went by, the Campo property lying between Campo Road and the boundary line was covered with gravel and in some places partially covered with asphalt. The Guzzardo family’s[2] employees, suppliers and customers used that area for parking, making deliveries to the rear of the center, and for access to and from the state highway via Campo Road.
Apparently because the Campos and Guzzardos are distant relatives and longtime neighbors, the Campos allowed this situation to continue without protest for almost ten years. However, after the Campos refused a 1984 offer by the plaintiff to purchase a right of way along the eastern edge of the Campo property for a blacktop road to extend to the rear of both properties, relations between the two families deteriorated. The Campos began to complain about the use of their land by the Guzzar-dos and their customers, and finally erected a fence along their eastern boundary line. Plaintiff responded by filing this suit, seeking a declaratory judgment that Cam-po Road and adjacent property had been tacitly dedicated under the provisions of LSA-R.S. 48:491, and an injunction ordering the Campos to remove the boundary fence. The Campos filed a reconventional demand for damages and injunctive relief, followed by Guzzardo’s supplemental and amending petition seeking damages for loss of business.
The trial court found that the Tangipa-hoa Parish Police Jury had maintained the Campos’ road for the requisite three years, including in his ruling that area used by the Guzzardos’ business traffic. Accordingly, referring to this entire area as “Cam-po Road,” the trial judge declared that Campo Road had become a public road under LSA-R.S. 48:491, and ordered the Campos to remove the fence barring access to the road from the Guzzardo tract. However, the trial court dismissed both the Campos’ reconventional demand and plaintiff’s supplemental demand for damages. Defendants appealed.
LSA-R.S. 48:491, provided (prior to its amendment by Acts 1984, No. 944, § 1) as follows, in pertinent part:
[[Image here]]
B. All roads or streets in this state which have been or hereafter are kept up, maintained, or worked for a period of *914 three years by authority of a parish governing authority within its parish, or by authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, ...
An occasional “brushing up” or token maintenance will not suffice to establish a tacit dedication, Ouachita Parish Police Jury v. Wright, 446 So.2d 885 (La.App. 2d Cir.1984); Beard v. Beauregard Parish Police Jury, 378 So.2d 625 (La.App. 3rd Cir.1979), writ denied, 380 So.2d 101 (La.1980); Rowe v. Harvey, 307 So.2d 103 (La.App. 1st Cir.1974), writ denied, 310 So.2d 642 (La.1975). Basically, however, the question of sufficient public maintenance is one of degree. Sylvester v. St. Landry Parish Police Jury, 461 So.2d 534 (La.App. 3rd Cir.1984); Beard, supra.
The issue of public maintenance sufficient to support a tacit dedication is an issue of fact peculiarly within the purview of the trial court and the appellate court must adhere to the principle that factual conclusions and assessments of credibility by the trier of fact are entitled to great weight. Where the testimony is conflicting, the reasonable evaluations of credibility and inferences of fact by the trial court should not be disturbed on review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Ouachita Parish Police Jury, supra; Garner v. Waddill, 421 So.2d 1144 (La.App. 2d Cir.1982).
The evidence presented at trial on this issue of sufficient maintenance was conflicting in some respects.
Without detailing the source of the testimony which was attacked as perjury, both in the trial court and before us, we have scrutinized the record and conclude that we cannot say that the trial court was manifestly wrong.
Prom this conclusion, it necessarily follows that the ruling of the trial court ordering the Campos to remove that portion of the fence blocking the graveled area immediately north of Highway 16, tacitly dedicated to public use under LSA-R.S. 48:491, is correct. See, e.g., Vaughn v. Williams, 345 So.2d 1195 (La.App. 2d Cir.1977).
Defendants next contend that the trial court erred in dismissing their reconven-tional demand for injunctive relief and damages.
Defendants alleged that plaintiff had interfered with the use and enjoyment of their property by: (1) constructing two sewer lines which infringed upon their property and dumped raw sewerage on their land; (2) dumping garbage on their property or allowing his customers to do so; (3) removing gravel from Campo Road; (4) trespassing on their property and allowing his customers to do so as well; (5) allowing an underground gas tank to infringe upon their property; (6) allowing his customers to block defendants’ access to their residences on Campo Road; and (7) destroying the fence on their eastern boundary line. The trial judge did not rule on the validity of these complaints; instead, he concluded that because the alleged interference concerned property that had been tacitly dedicated to public use under LSA-R.S. 48:491, defendants had failed to state a claim upon which relief could be granted.
As defendants admitted that they tolerated the alleged infringement on their property until February, 1985, when they erected the fence which precipitated this lawsuit, and the trial court ruled that by that time the area complained of had been tacitly dedicated, we agree with the trial court’s ruling.
Accordingly, for the foregoing reasons, the judgment of the trial court is affirmed, at defendants-appellants’ cost.
AFFIRMED.

. While some witnesses at trial referred to the road in question as Campo Lane, the trial court adopted the name, Campo Road, used by a majority of the witnesses.

. Other members of the Guzzardo family owned and operated the several business operations located in the shopping center.