DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-732

BESSIE MAE TYLER, ET AL.

VERSUS

LUTHER HOLLOWAY, ET AL.
**********
APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 22,899A
HONORABLE CHARLES A. TRAYLOR, II, DISTRICT JUDGE
**********
**J. DAVID PAINTER**
**JUDGE**

**********
Court composed of Ulysses Gene Thibodeaux, Chief Judge, J. David Painter, and James T. Genovese, Judges.

**AFFIRMED IN PART, REVERSED AND RENDERED IN PART, AND REMANDED.**

Robert G. Nida
P. O. Box 6118
Alexandria, LA 71307-6118
Counsel for Plaintiffs-Appellants:
    Bessie Mae Tyler, Dean Mosely, and Rita Tyler Mosely

Josiah William Seibert, III
P. O. Box 2038
Vidalia, LA 71373
Counsel for Defendants- Appellees:
    Paul Lawrence Meng and Susan Renée Ray Meng

Bradley Rex Burget
Virgil Russell Purvis, Jr.
P. O. Box 298
Jonesville, LA 71343
Counsel for Defendants-Appellees:
    Luther Holloway, Nelda Korn Holloway, O.D. Korn, and Dorothy Korn

PAINTER, Judge.

Plaintiffs, Bessie Mae Tyler, her daughter, Rita Mosely, and her son-in-law, Dean Mosely (the Tylers), appeal the judgment of the trial court granting motions for partial summary judgment filed by Defendants, Paul and Susan Meng, Luther Holloway, Nelda Korn Holloway, O.D. Korn, and Dorothy Korn, with respect to the existence of a gratuitous servitude of passage and as to liability, and denying their own motion for summary judgment. For the following reasons, we affirm in part, reverse and render in part, and remand.

FACTS

In 1967, Bessie Mae Tyler and her husband, James Virgil Tyler, acquired a large tract of land in Catahoula Parish (the Tyler property) in an exchange with the International Paper Company. The neighboring tracts had also been acquired from International Paper or its predecessor in title, Louisiana Central Lumber Company. The Korn property was acquired in the 1940s. The property now owned by the Holloways was acquired in 1943 by Holloway's predecessor in title. The tract now owned by the Mengs was acquired from International Paper some time after the Tylers acquired theirs. The Tyler property contains a body of water known as Fish Lake. It was used primarily for recreation, and eighty acres were cleared for farming. After James Tyler's death, Mrs. Tyler retained a usufruct over her husband's community one-half of the Tyler property. In the spring of 2003, Mrs. Tyler and Rita and Dean Mosely hired a contractor to improve or, according to Defendants, build a road site leading into the property across tracts belonging to the Holloways, the Mengs, and the Korns. While the road was being improved and thereafter, the owners of those properties began denying access to the road construction worker and

1

members of the Tyler family. As a result, the Tylers brought this suit alleging that the Tyler property had always been accessed via the unnamed road across Defendants' property from Ray Morris Road. Plaintiffs further alleged that the road was or is public in nature and asked for a declaratory judgment to that effect. Alternatively, Plaintiffs alleged that the property is an enclosed estate and that they are entitled to access to the unnamed road pursuant to La.Civ.Code art. 689.

The Holloways, Korns, and Mengs answered the petition and filed a third-party demand against the Moselys and a reconventional demand against Mrs. Tyler seeking damages for damage done to their property during the road improvements and a preliminary injunction prohibiting the Tylers from trespassing. In May 2005, the Holloways and Korns filed a motion for partial summary judgment regarding liability for damages done during the improvement of the road. In their memorandum in support of the motion, Defendants asserted that, pursuant to La.R.S. 48:512, a private citizen does not have a right to improve a public road and that the enclosed estate doctrine does not give the Tylers a right to build a road without first establishing the limits of the servitude conventionally or judicially.

In memoranda in opposition to the motion, the Tylers asserted that the they had not violated the statutory prohibition of La.R.S. 48:512 against actions that interfere with the public's enjoyment of the public roads and that Defendants had no right of action in this regard. Plaintiffs further asserted that, even if the unnamed road is not a public road, they have enjoyed a gratuitous right of passage over the road since purchasing the property and that the property is an enclosed estate and thus entitled to a right of passage under La.Civ.Code art. 694. In a supplemental petition, the

2

Plaintiffs added allegations that they are entitled to a servitude of passage pursuant to La.Civ.Code art. 694.

In September 2005, the trial court rendered judgment on the motion for partial summary judgment finding that genuine issues of material fact remained as to the public nature of the unnamed road and as to whether the Tyler property is an enclosed estate. However, the court found that no genuine issue of fact remained but that La.Civ.Code art. 694 does not afford the Tylers a right to claim a gratuitous right of passage across the property of Defendants. The court further granted Defendants' motions for summary judgment with regard to damages.

In October 2005, the Holloway and Korn Defendants again filed a motion for partial summary judgment as to damages. The Tylers also filed a motion for summary judgment asserting that no genuine issue of material fact remained but that they are entitled to a servitude of passage pursuant to La.Civ.Code art. 694, and, alternatively, that the road is public, and, in the further alternative, that the Tyler property is an enclosed estate and entitled to a servitude of passage as such.

The Tylers filed a motion for new trial on the Korn and Holloway Defendants' original motion for summary judgment. The Mengs filed a motion for summary judgment with regard to damages and an alternative exception of liberative prescription in which they asserted that any servitude provided by La.Civ.Code art. 694 had prescribed for lack of use for over ten years.

The trial court rendered judgment once again denying summary judgment as to the public/private status of the road and as to whether the Tyler property is an enclosed estate and granting summary judgment finding that La.Civ.Code art. 694 does not afford the Tylers a right to claim a gratuitous right of passage across the

3

property of Defendants. The court denied the Tylers' motion for summary judgment and the exception of prescription and made provision for an immediate appeal. The Tylers now appeal.

*Summary Judgment*

> Appellate courts review summary judgments *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Schroeder v. Board of Supervisors of Louisiana State University*, 591 So.2d 342 (La.1991). A court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." LSA-C.C.P. art. 966(B). The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of civil actions (with the exception of certain domestic matters) and is now favored in our law. LSA-C.C.P. art. 966(A)(2). Of particular relevance to the instant case is LSA-C.C.P. art. 966(C)(2), which states:
>
> > The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
>
> This court has recognized that a "genuine issue" is a "triable issue," or one on which reasonable persons could disagree. *Champagne v. Ward*, 03-3211, p. 5 (La.1/19/05), 893 So.2d 773, 777. A "material fact" is a fact, the existence or non-existence of which may be essential to plaintiff's cause of action under the applicable theory of recovery. *Id.*

*Kennedy v. Sheriff of East Baton Rouge*, 05-1418, pp. 25-26 (La. 7/10/06), 935 So.2d 669, 686-87.

Keeping these guidelines in mind, we make a *de novo* examination of the evidence submitted with the motions for summary judgment.

4

*Public Road*

Plaintiffs assert that the trial court found that the unnamed road was not a public road by virtue of implied dedication. This is not an accurate statement of the court's findings. Rather, in denying both Defendants' and Plaintiffs' motions for summary judgment in this regard, the trial court found that a question of material fact remains as to whether the road is public, leaving the question to be determined by the trier of fact. It is this finding that we review.

With regard to the dedication of public roads, La.R.S. 48:491 provides, in pertinent part, that:

> A. All roads or streets in this state that are opened, laid out, or appointed by virtue of any act of the legislature or by virtue of an order of any parish governing authority in any parish, or any municipal governing authority in any municipality shall be public roads or streets, as the case may be.

> B. (1)(a) All roads and streets in this state which have been or hereafter are kept up, maintained, or worked for a period of three years by the authority of a parish governing authority within its parish, or by the authority of a municipal governing authority within its municipality, shall be public roads or streets, as the case may be, if there is actual or constructive knowledge of such work by adjoining landowners exercising reasonable concern over their property.

Plaintiffs do not assert that the road is public by virtue of dedication. Therefore, we need only consider whether there is sufficient evidence of record to find the unnamed road was maintained by a public body for a period of three years.

This court, in *Griffith v. Cathey*, 99-923, p. 3 (La.App. 3 Cir. 2/2/00), 762 So.2d 29, 38, *writ denied*, 00-1875 (La. 10/06/00), 771 So.2d 85, on rehearing explained the degree of public maintenance which must be proven in order to allow a court to conclude that the road in question has become public, as follows:

> In order to establish public maintenance of the road under the statute, it is necessary to show definitively that work was performed on

5

the road by a public entity and approximately when that work was performed. *Boynton* [*v. Bertrand*, 309 So.2d 769 (La.App. 3 Cir. 1975)]. Although precise moments of maintenance are not required, the claimant must present facts which establish acts of maintenance by a public entity within a narrow margin of time. *See St. Charles School Bd. v. P & L Inv. Corp.,* 95-2571 (La. 5/21/96); 674 So.2d 218. Accordingly, we agree with the trial court's judgment that the record does not support the Defendants' contention that the road has become public under La.R.S. 48:491.

Even where the road serves only as a driveway for one person or tract of land, public maintenance creates a right of use in the nature of a predial servitude for the benefit of the public. *Gatson v. Bailey*, 39,835 (La.App. 2 Cir. 6/29/05), 907 So.2d. 859. "In such cases, the tacitly-dedicated roads provide rights tantamount to actual predial servitudes protecting the dominant estate owners at the end of these roads, whose property might otherwise be enclosed." *Id.* at. 863.

Defendants cite *Jefferson Davis Parish School Bd. v. Fontenot*, 505 So.2d 955 (La.App. 3 Cir.), *writ denied*, 511 So.2d 1154 (La.1987) in support of their assertion that there could be no tacit dedication of the road because they did not have knowledge of or acquiesce in the maintenance. However, that case states that:

> [I]t is apparent that tacit dedication of public road does not require intent of the landowner to dedicate property where there has been sufficient maintenance by the parish without protest. *Smith v. Mahfouz*, 489 So.2d 409 (La.App. 3d Cir.1986). If such were the case, tacit dedication could be thwarted simply by the denial of knowledge of public maintenance. Garner, 421 So.2d at 1150.

*Id.* at 958-59.

The testimony of the witnesses is in conflict as to whether the parish maintained the road. None of the parties were living on the property, although prior to World War II, Otis Korn lived with his parents and siblings on property adjoining that which he currently owns. The testimony regarding parish maintenance of the road ranged from that of Rita Mosely that during the period she was going to fish at

6

the lake with her family, prior to 1969, the road was being maintained by the police jury from Ray Morris Road to Fish Lake, to that of Luther Holloway, who denied the existence of the road and testified that there was nothing but a "pig trail" from Ray Morris Road to Fish Lake. Otis Korn testified that his father built the road and that the parish never did any work on it.

Given this testimony, material issues of fact remain which require credibility determinations and the resolution of conflicting testimony. Therefore, summary judgment on this issue is inappropriate.

*Enclosed Estate*

Plaintiffs next argue that the trial court erred in failing to find that the Tyler property was an enclosed estate as defined by La.Civ.Code art. 689 to which a right of passage is owned by Defendants' properties.

Louisiana Civil Code Article 689 provides that: "The owner of an estate that has no access to a public road may claim a right of passage over neighboring property to the nearest public road. He is bound to indemnify his neighbor for the damage he may occasion."

We have already determined that a question of fact remains as to whether the unnamed road is a public road. Further, as the trial court remarked in written reasons for judgment, there is little or no evidence with regard to alternate access to a public road from the Tyler property. The question of whether the property has access to a public road is one of fact. We find that summary judgment is inappropriate, given the lack of evidence as to public road access and in light of the fact that the movers on both sides of the issue have failed "to point out to the court that there is an absence

7

of factual support for one or more elements essential to the adverse party's claim, action, or defense." *Kennedy*, 935 So.2d at 686.

*Gratuitous Servitude*

Louisiana Civil Code Article 694 provides that:

When in the case of partition, or a voluntary alienation of an estate or of a part thereof, property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage.

The trial court granted the Korn and Holloway Defendants' motion for summary judgment finding that no question of fact remained but that Plaintiffs are not entitled to a gratuitous servitude over the Korn and Holloway Defendants' properties. In its reasons for judgment, the trial court stated that the Tyler property does not meet the definition or standards required for an enclosed estate under Article 694.

However, inasmuch as we have found that questions of fact remain as to whether the unnamed road is a public road, and little or no evidence exists as to alternate public road access, questions of fact remain with regard to whether the Tyler property is enclosed so as to allow application of this or any statute concerning servitudes of passage available to enclosed estates.

Accordingly, the summary judgment granted in this regard is reversed.

*Liability for Damages*

Finally, Plaintiffs assert that the trial court erred in granting Defendants' motions for summary judgment as to liability for damages to their property. After reviewing the record, we find that no question of fact remains with regard to liability for any damages due under the law, if any are found at trial to be applicable to the conduct of the Plaintiffs. Therefore, we find that Defendants are entitled to a

8

summary judgment finding that Plaintiffs are liable for any damages due under the law found to be applicable at trial.

CONCLUSION

For these reasons, the trial court's judgment is reversed insofar as it granted summary judgments with regard to the existence of a gratuitous servitude. The trial court's judgment is affirmed in all other respects. This matter is remanded to the trial court for further proceedings. Costs of this appeal are to be divided equally among the parties.

AFFIRMED IN PART; REVERSED AND RENDERED IN PART; AND REMANDED.